WILSON v. LUBKE, Appellant.

Division One, June 20, 1903.

1. **Mechanic's Lien:** FOUNDATION: CONTRACT WITH OWNER: DOCTRINE OF RELATION.  A mechanic's lien must have for its foundation a contract made by the owner of the land; not necessarily the absolute owner in fee, but the owner of the estate to be charged with the lien.   Until one is such owner he can make no contract that will impose a burden on the land.  He may, in contemplation of becoming the owner, make a contract that will affect the land as soon as it becomes his property, but such contract can not relate back beyond the date of his purchase so as to impair the rights of the former owner.

2. ———: ———: ———: ———: DEEDS OF TRUST.  The contemplating purchaser of land contracted for the building of a house before he purchased it, and before he received his deed the materialman began to deliver lumber on the lots, and next day the purchaser received a deed, paid part cash, and at the same time gave back to the vendor a deed of trust to secure the balance of the purchase money and certain other money which was to go into the houses, and this deed of trust was afterwards regularly foreclosed. *Held,* that the purchaser at the foreclosure sale took the title to the land rather than the purchaser at the execution sale under the materialman's mechanic's lien judgment, but that the latter took the title to the buildings.

3. ———: CONTRACT: TITLE. The contractor can claim no better title to the land than the man whom he contracted with had.

4. ———: RES ADJUDICATA: JUDGMENT OF JUSTICE. Whatever fact was necessary for the justice of the peace to find, before whom the claim on which the mechanic's lien was turned into a judgment, in order to establish that mechanic's lien, is not subsequently disputable, unless there was an appeal, and his judgment is to that extent *res adjudicata*. But it is not necessary to the establishment of the lien that the owner of the house was the owner of the land on the day the materials which went into the house began to be delivered.

5. ———: PRIORITY OF LIENS. A justice court has no power to decide that a mechanic's lien is a prior lien to a deed of trust. His findings are *res adjudicata* only for the purposes for which he has power to pronounce, and does pronounce, judgment.

6. ———: QUIETING TITLE: ADJUSTING EQUITIES. The statute for quieting titles may be invoked to determine that the purchaser at a sale under a deed of trust has a prior title to the land over the purchaser at a sale under a mechanic's lien judgment, and to determine the rights of the parties to the houses on the land. But the court can not, in such proceeding, go further and ascertain the amount of all the mechanic's liens thereon and charge them as incumbrances on the house in favor of defendant with the right in the plaintiff to pay the same within a given time and thus redeem the houses from those liens, and if that is not done that the defendant may remove the buildings within a certain time. Under that statute the court can not adjust the equities of the parties.

7. ———: SALE: REDEMPTION. After a sale under execution to satisfy a mechanic's lien judgment, and the purchaser thereat has received his deed, the day of redemption has passed, and the houses are his property with the right of removal within a reasonable time.

Appeal from St. Louis City Circuit Court.—*Hon. P. R. Flitcraft,* Judge.

REVERSED AND REMANDED (*with directions*).

*W. Christy Bryan, Willi Brown* and *Geo. W. Lubke, Jr.,* for appellant.

(1) The instruction asked by defendant and refused should have been given. It declares what is the settled law of this State, that a judgment is conclusive on all persons who are parties to the suit in which it was rendered, and those claiming under them. The judgment of the Tower Grove Planing Mill Company

against the property in question to which Laumeier, the holder of the notes secured by the deeds of trust under which plaintiff claims, was a party, determine conclusively between said company and him that, on June 29, 1897, the day before the deeds of trust were recorded, the Smiths and the Housers were the owners of the property in question, even though, as a matter of fact, that may have been untrue. Reilly v. Hudson, 62 Mo. 383; Hauser v. Hoffman, 32 Mo. 334; Crandall v. Cooper, 62 Mo. 478; Allen v. Sales, 56 Mo. 28; Coe v. Ritter, 86 Mo. 277; Russell v. Grant, 121 Mo. 381; Schulenburg v. Hayden, 146 Mo. 583; R. S. 1899, secs. 4205, 4209; Page v. Bettes, 17 Mo. App. 366. (2) The statute under which this suit is brought provides for the determination of title to real estate only. The part of the judgment which attempts to do more than that, is, therefore, without question, erroneous. R. S. 1899, sec. 650; Seidel v. Cornwall, 166 Mo. 51. There is absolutely no warrant for the parts of the judgment providing for the purchase of the buildings by plaintiff from defendant, or the removal of the buildings by defendant. The general prayers for relief in the petition authorized no such judgment. No facts are stated in the petition which warrant such a judgment. Rumsey v. Railroad, 144 Mo. 175; Wilson v. Benedict, 90 Mo. 208; White v. Rush, 58 Mo. 105; Paddock v. Lance, 94 Mo. 283; Bank v. Franklin County, 65 Mo. 105; McCray v. Lowry, 25 Mo. App. 247.

*Rassieur & Rassieur* for respondent.

(1) The mortgage given for the purchase price of the land simultaneously with the deed to the mortgagor, and recorded simultaneously with it, takes precedence of a mechanic's lien simultaneously attaching. Russell v. Grant, 122 Mo. 161. (2) Since the mortgage takes precedence of the mechanic's lien, as to the land, and the lien takes precedence as to the building, the

rights of the defendant were fully preserved by the decree. The purchaser may remove the same within a "reasonable time." Schulenburg v. Hayden, 146 Mo. 583; R. S. 1899, sec. 4205. (3) The judgments of the justice of the peace do not undertake to establish that these lien judgments should have priority over the deeds of trust. Nor could the justice's judgments establish priorities. Steininger v. Raeman, 28 Mo. App. 594.

VALLIANT, J.—This is a suit under the statute to quiet title to real property. [Sec. 650, R. S. 1899.]

Plaintiff claims as purchaser at a foreclosure sale under two deeds of trust. Defendant claims as purchaser at a sheriff's sale under execution upon two judgments establishing mechanic's liens. The question is, which was the prior lien?

The facts are as follows:

On June 30, 1897, one Laumeier sold the east half of the lot in question to Ida M. Smith, and the west half to John M. Houser and wife; at the same time Ida M. Smith executed back to Laumeier a deed of trust on the half of the lot sold to her, to secure her notes to him for $4,000 and interest, and Houser and wife likewise executed back to Laumeier a deed of trust on the half sold to them to secure their notes for a like sum and interest. The notes covered the purchase money of the lot and money advanced by Laumeier to build houses on the same. The deeds from Laumeier to Smith and Houser, and the deeds of trust from them back to him, were all executed and filed for record at the same time on June 30, 1897. On September 28, 1898, those deeds of trust were regularly foreclosed, the plaintiff became the purchaser and received the trustee's deeds. That is the plaintiff's title.

Before Ida M. Smith and Houser and wife purchased the lot from Laumeier, but in contemplation of such purchase, they made a contract with one Claus for the erection of certain buildings on the lot. Claus

conducted the negotiations for Smith and Houser in the purchasing of the lot, and without waiting for the completion of the purchase, and without the knowledge of Laumeier, began excavation for the buildings on the 28th of June, and sublet the mill work to the Tower Grove Planing Mill Company, which concern began delivering the material for the buildings on the ground on June 29th, which was one day before the consummation of the purchase of the lot by Smith and Houser from Laumeier, and one day before the execution and delivery of the deeds above mentioned. Shortly after the execution of the deeds Laumeier delivered the money he advanced for the buildings to Claus, who, as already said, was acting in the matter for Smith and Houser, so that Claus, the contractor, received the contract price of the buildings in advance.

The Tower Grove Planing Mill Company, beginning on June 29th, continued to deliver materials which were used in the buildings up to September 18, 1897. After giving due notice, that concern on January 6, 1898, filed two mechanic's liens, one against each building, for $310 each, and on January 8th filed suits in a justice's court to enforce the same, one against Ida M. Smith, the other against Houser and wife. Claus and Laumeier were made parties defendant in both suits. There was a judgment for plaintiff in each suit for $317.75 and costs, which was a personal judgment against Claus, the contractor, and special against the lot and building. In each judgment was a recital that the materials, for the value of which the plaintiff sued, were begun to be delivered on the lot on June 29th, and continued until September 18th, and that Smith and Houser were the owners, respectively, at those dates. Executions issued on those judgments, and at a sale by the sheriff thereunder, the defendant, as trustee for his clients, became the purchaser, and received the sheriff's deed. That is the defendant's title.

There were executions under other mechanic's lien

judgments in evidence, but in those it appeared that the materials were not delivered until after June 29th. Those executions, however, informed the court of the aggregate amount of all the mechanic's liens against the houses. The decree of the court was that the plaintiff had the better title to the land, but the defendant the better title to the buildings; that the amount of all the mechanic's liens against the houses was $1,545.08, that if plaintiff would pay that sum and six per cent interest from date to the defendant within thirty days, the plaintiff's title to land and houses would be perfect, but unless he paid that sum within that time, defendant had the right to remove the houses from the land within ninety days. The plaintiff was satisfied with the decree, but the defendant appeals.

I. A mechanic's lien must have for its foundation a contract made by the owners of the land, not necessarily the absolute owner in fee, but the owner of the estate to be charged with the lien. [Lumber Co. v. Clark, 172 Mo. 588.] Until one is such owner he can make no contract that will impose a burden on the land. He may, in contemplation of becoming the owner, make a contract that will affect the land as soon as it becomes his property, but such contract can not relate back beyond the date of his purchase so as to impair the rights of the former owner.

In the case before us Smith and Houser were not the owners of the land when they made the contract with Claus for the buildings, and they never thereafter became the owners, except as subordinate to the rights of Laumeier under these deeds of trust; they never had a title that rose above the rights secured by those deeds, therefore they could not impart such a title to another, either directly or indirectly, voluntarily or involuntarily.

The Tower Grove Planing Mill Company, claiming as subcontractor under the contract of Smith and Houser, can take no better title than they had; their

title was subordinate to the deeds of trust, and the title of the subcontractor can rise no higher.

Appellant contends, however, that the recitals in the justice's judgments that the delivery of the materials began on June 29th, and that Smith and Houser were the owners then, makes the fact of ownership at that date *res adjudicata* against Laumeier, because he was a party to those suits and is concluded by the judgments.

Whatever fact was necessary for the justice to find in order to establish the mechanic's lien, we must now consider was found, and such fact is not now disputable by the parties to that suit. [Reilly v. Hudson, 62 Mo. 383.] In the case just cited, by appellant, a judgment establishing a mechanic's lien, on account of a cooking range built in a house, had been rendered, and a sale had under execution on the judgment, and it was held that as between the parties to that suit the fact that the cooking range was attached to and became a part of the realty was adjudged in the suit to establish the lien and could not be again questioned, that was a fact essential to the establishing of the lien. But in the case at bar it was not essential to the establishing of the lien of the Tower Grove Planing Mill Company that Smith and Houser were the owners of the land on June 29th. It was essential that they should have been the owners, but, for the purposes of that suit, the fact that they became the owners on June 30th was sufficient. If the fact was conceded that they owned the property on June 30th, it would add nothing to the force of the lien to show that they owned it on the 29th, nor would it detract from the effect of the lien to show that they did not own it before the 30th. The fact that the judgment recites that they owned the land on June 29th was immaterial.

Laumeier, as the holder of the notes secured by the deeds of trust, was made a party defendant in those suits. In his capacity of mortgagee his rights were not within the jurisdiction of the justice of the peace,

that is to say, the justice of the peace could not in those suits decide the question of the priority of the liens. The justice's jurisdiction extended only to matters relating to the establishment of the mechanic's lien and a judgment against the contractor. Since the justice could render no judgment as to priority of the liens his findings of facts could not be held to be conclusive in the circuit court in a suit between the parties to settle the question of priority. His findings are *res adjudicata* for the purposes for which he is to pronounce judgment, but they do not go beyond that. We hold that Laumeier is not precluded by the recitals in the justice's judgments from showing that Smith and Houser did not own the land on June 29th, and since it appears that they did not own it on that day and that their title when acquired was subject to the deeds of trust, the court was right in adjudging that Laumeier's title to the land was superior to that of defendant. And the court was also right in holding that the defendant's title to the buildings was superior to that of the plaintiff. [Sec. 4205, R. S. 1899.]

II. This suit is brought under section 650, Revised Statutes 1899, but the decree takes a wider range than that statute authorizes. The limit of the power of the court under that statute is "to define and adjudge by its judgment or decree the title, estate and interest of the parties severally in and to such real property." [Seidel v. Cornwell, 166 Mo. 51.] It was proper, therefore, for the court to decree that the plaintiff's title to the land was superior to that of the defendant. And since the houses are attached to and have become a part of the freehold, they may be considered as part of the real property within the meaning of the statute, and therefore the court could, as it did by its decree, settle the rights of the parties in respect to the houses. But when the court undertook to ascertain the amount of the mechanic's liens and charge them as an incumbrance on the houses in favor of defendant with right in the

plaintiff to pay the same within a given time and thus redeem the property, it went beyond the scope marked out by the statute. Besides, under the terms of section 4205, Revised Statutes 1899, after a sale under execution to satisfy a mechanic's lien judgment, and the purchaser has received his deed, the day of redemption has passed and the purchaser has a right within a reasonable time to remove the buildings off the land and is not bound to take a price for them; the houses are his property, he can fix his own price on them, or refuse to sell them at all. But he must remove them within a reasonable time. The narrow limits within which the statute, under which this suit is brought, confines the decree, will not admit of the adjustment of the equities of the parties on this point, therefore the court can not, in its decree in this case, specify the time within which the defendant must remove the buildings. The statute says within a reasonable time, and so the court in this case must leave it.

The judgment is reversed and the cause remanded to the circuit court with directions to enter a judgment to the effect that the plaintiff has title to the land named in the petition superior to that of the defendant, that the defendant has title to the buildings on the land superior to that of the plaintiff, and that defendant has a right within a reasonable time to remove the buildings from the land, and that plaintiff and defendant each pay one-half of the costs.

All concur.