JOHN S. LEWIS *vs.* CHLOE H. YALE ET AL.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, § 4052, provides that in an action of ejectment final judgment shall not be rendered against an unsuccessful defendant who has made improvements on the land in good faith and in the belief that his title was absolute, until the present value of such improvements has been determined and allowed; but if the plaintiff shall elect to have the title confirmed in the defendant, the court shall ascertain what sum ought in equity to be paid as the condition of such confirmation. In the present case the plaintiff, who was found to be entitled to all the land in question, elected to have the title confirmed in the defendants, who had made improvements upon the property, and thereupon the court ascertained and declared the amount which the defendants should pay for such confirmation, the defendants then consented to make such payment, and judgment was rendered accordingly. The plaintiff, however, appealed, alleging errors in the interpretation and application of the statute and in the ascertainment of the sum payable to him by the defendants, and the judgment was reversed upon the ground that the statute was not applicable to the situation presented. *Held* that such reversal vacated all parts of the judgment, which was entire and indivisible, and therefore not only relieved the defendants from any obligation to take the land for such different sum as ultimately might be fixed, but cancelled as well the plaintiff's election to have the title confirmed in them, and left him entitled to a judgment for the possession, which was his in original right.

A plaintiff has no power under this statute, by his election or otherwise, to compel the defendant to take his title and interest and pay him therefor; nor can the court require such purchase without the defendant's consent. Moreover, an election or consent by the defendant to pay the particular sum already fixed by the trial court is not an election or assent to pay whatever sum may ultimately be awarded after reversal and upon a new trial.

Argued June 9th—decided July 14th, 1905.

SUIT for an injunction to restrain the defendants from removing certain buildings on land adjudged to belong to the plaintiff, brought to and tried by the Superior Court in New Haven County, *Ralph Wheeler, J.*, upon a demurrer to

the answer and cross-complaint; the court sustained the demurrer and rendered judgment for the plaintiff, from which the defendants appealed. *No error*.

*John K. Beach*, for the appellants (defendants).

*Henry C. White*, with whom was *Edward L. Clark, Jr.*, for the appellee (plaintiff).

PRENTICE, J. This plaintiff was the plaintiff and these defendants among the defendants in the case of *Lewis* v. *Lewis*, twice before this court, as reported in 74 Conn. 630, and 76 id. 586. The proceedings in that litigation directly concern the present controversy. Their history down to the remand of the cause for the action of the Superior Court which resulted in the final judgment, and the facts involved, may be gathered from the reports referred to. A brief review of the successive steps in that case is, however, necessary for the clear comprehension of the questions now at issue.

The action was one to recover the possession of certain land which at the time the action was brought was in the possession of several persons claiming to be the owners of their respective tracts. Among these were these defendants, who claimed to be the owners of one piece through a deed from William I. Lewis and wife. The court adjudged that the plaintiff was entitled to the possession of all the land in question. It appearing that the several defendants, including the present defendants, had made permanent improvements upon the premises, for which compensation was claimed under the provisions of § 4052 of the General Statutes, the plaintiff thereupon filed a notice of his election to have the title confirmed in the several defendants. The court thereupon proceeded to ascertain what sum each of the parties ought in equity to pay as the condition of such confirmation. The present defendants made and filed their election to pay the sum so ascertained on account of the property claimed by them. With the action of the other defendants

we are not concerned.   Judgment was rendered in which it
was adjudged that these defendants pay to the plaintiff said
sum, and that thereupon title be confirmed in them.   All
parties appealed.   These defendants, however, withdrew
their appeal and stood ready to abide by the judgment.
The plaintiff's appeal assigned, as his first reason of ap-
peal, that the court erred in its interpretation and applica-
tion of said § 4052 in the adjudication of the plaintiff's
rights as against each of the defendants, and, for other rea-
sons of appeal, that errors entered into the ascertainment of
the sum adjudged to be paid as the condition of confirma-
tion.   As the result of the appeals the judgment was re-
versed by this court and the cause remanded to be proceeded
with according to law.   Upon the return of the case the
Superior Court rendered judgment that the defendants
therein, including the present defendants, deliver to the
plaintiff possession of the premises claimed to be owned by
the former respectively.   Execution thereupon issued, and
demand for possession having been made upon these defend-
ants thereunder, they asserted their claim to remove the
buildings standing upon their claimed portion of the land,
and gave notice that they should do so.

This complaint was thereupon brought.   It alleges said
final judgment, issuance of execution, demand and threat,
and further, averring that the execution of said threat
would cause the plaintiff damage for which he would have
no adequate remedy at law, asks for an injunction to pre-
vent said removal.

The answer sets out in defense the proceedings in the for-
mer action.   The same allegations, supplemented by others
to the effect that the defendants have tendered the plaintiff
the sum fixed by the court in the former action as that to be
paid as the condition of the confirmation of their title, which
was refused, and their readiness to pay him whatever amount
may be found due in any further proceedings, were also
made by way of cross-complaint.   Therein relief was asked
by way of injunction, a determination of the amount which
the defendants ought to pay to the plaintiff for his interest

in the property in question, and a confirmation in them of the title thereto upon such payment being made.

The plaintiff demurred to both the defense and cross-complaint. We have before us the questions raised by that demurrer. Among these are none of a technical character. The evident desire of the parties is that the real matter in contention between them should be decided in this proceeding and their rights thus determined in an orderly manner, and we shall so far conform to that desire as to confine our consideration to the questions presented. In pursuing this purpose we shall further follow the example of counsel in treating as embodied in the pleadings whose allegations are admitted by the demurrer the facts already stated as to the action of this court when the former case was last here. These facts are not fully alleged, as counsel appear to have imagined, but they are within our judicial knowledge. We feel the more at liberty to do this, since we are thereby enabled to simplify the statement of the question presented by the use of affirmative and direct assertions in lieu of negative and indirect ones leading to the same result.

The defendants' claim, based upon the proceedings in the former action which the demurrer controverts, is that the judgment therein, which was brought before us upon the second appeal, is at the present time a valid and binding determination of the rights of these parties in so far as it expressed the right of these defendants to have the title to the property which they claimed to own confirmed in them upon the payment by them to the plaintiff of such sum as should be judicially determined to be equitably proper.

This claim is based upon two propositions, to wit: (1) that the appeal thus taken was in its terms limited to errors involved in the award of the sum to be paid for confirmation; and (2) that in its legal operation the appeal had no wider scope, so that the judgment remained unaffected thereby save that the award became the subject of review and of possible change as the ultimate result thereof, and so that neither this court, nor the Superior Court upon the return

of the case, had jurisdiction to set aside or disturb said judgment as between these parties, except with respect to the amount of the award as representing the plaintiff's proper compensation.

Even if the first of these propositions be assumed, the second will be found to be unsound. Two misconceptions underlie it and color the entire argument based upon it. The one is stated in the brief of the defendants as follows : " Both the plaintiff and these defendants agreed in court that the title should be confirmed in these defendants upon payment to the plaintiff of due compensation." The other is that the judgment as between these parties was a divisible one. The first of these propositions, as one of fact, is wholly without warrant. What these defendants did, and all that they ever did, was to elect and express their intention to pay the particular sum fixed by the court. They have never elected or agreed to pay any other sum, or whatever sum might be ultimately determined upon. The plaintiff was powerless, by his election or otherwise, to compel the defendants to take his title and interest and make compensation to him therefor. The court was as powerless to require the defendants to purchase the plaintiff's title or interest without their consent. *Lewis* v. *Lewis*, 76 Conn. 586. An appeal, therefore, which attacked the correctness of the sum fixed as that to be paid by the defendants to secure a confirmation of their title, would, if successful, relieve the defendants of all obligation under their election or otherwise, and leave them free to act as they saw fit when a different sum should become substituted.

The consequences of this situation were far reaching. The defendants, in the event of a change in the award, could not be compelled to take. If they did not voluntarily, by their election so to do, put themselves into a position to have a confirmation of title, the plaintiff, despite his election on file which was of course in its nature conditional, would not be required to give away and surrender his rights. The plaintiff not being required to give away his rights would, in the event of no election calling for a confirmation

Lewis v. Yale.

of title in the defendants, be entitled to a judgment for the possession which was his in original right. In other words, the judgment as between these parties was so connected in all its parts and interdependent as to constitute an indivisible whole, with the result that any attack upon it, although for reasons which were directly addressed to the correctness of the sum ascertained as that which ought in equity to be paid by the defendants for a confirmation of their title, necessarily reached back through the entire judgment and threatened it in every part. The appeal which the plaintiff took was, therefore, one which left no portion of the judgment unaffected and not subject to reversal by this court. Accordingly when we held, as we did, that the provisions of § 4052 were not applicable to the situation presented and that the action of the court was unwarranted in law, a reversal of the entire judgment was the necessary consequence. Such was intended to be the force of the mandate under which the remand was made, and the Superior Court upon the return of the case committed no error in so interpreting it.

We have no occasion to consider the further question of the effect of the rendition by the Superior Court of its final judgment awarding possession to the plaintiff, which judgment stands unappealed from, upon the assertion in this independent proceeding of the claim which is now made.

The defendants ask us to interpret the language of the deed under which the plaintiff holds his life estate, to discover therefrom that he has no such beneficial interest in the buildings threatened to be removed as equitably entitles him to an injunction against their removal. However unfavorably to the plaintiff the provisions of that deed be construed, it cannot be said from the facts upon this record that he has not a substantial interest in having the buildings in question remain.

There is no error.

In this opinion the other judges concurred.