ALLAN McISAAC vs. JUNIUS H. HALE.

First Judicial District, Hartford, October Term, 1926.
WHEELER, C. J., CURTIS, MALTBIE, NICKERSON and SIMPSON, Js.

Where this court finds error upon an appeal and remands the cause to be proceeded with according to law, the efficacy of the judgment rendered upon the original trial is destroyed and a new trial of all the issues in the case is required; and the fact that this court, merely for the purpose of determining the appeal, adopts in its opinion the statements of fact contained in the findings made upon the first trial, gives to such findings no additional force or effect.

If a ruling upon evidence is made a ground of appeal, the finding should set forth a succinct but clear statement of the ruling together with sufficient relevant facts to show the circumstances under which it was made, and an assignment of error should specifically refer to the ruling as it is stated in the finding without repeating more than is necessary to make the reference clear.

Argued October 6th—decided November 13th, 1926.

ACTION to recover rent alleged to be due under a lease by the defendant of the plaintiff's garage, brought to the Superior Court in Hartford County and tried to the court, *Wolfe, J.;* judgment for the plaintiff for $1,957, and appeal by the defendant. *No error.*

*Henry J. Calnen,* for the appellant (defendant).

*Benedict E. Lyons,* with whom was *John R. Hayes,* for the appellee (plaintiff).

MALTBIE, J. The issue in this case concerns the application of a term in the lease of a garage building,

which provided that on the completion of certain alterations, "some of which have already been made," the annual rental should be increased by an amount equal to ten per cent. of their cost. On the first trial, the court concluded that this provision of the lease was not intended to cover certain improvements made in 1918, some months before the execution of the lease, and in particular found that the monthly rental fixed in the lease in question exceeded the rental paid under a preceding oral lease in effect when these improvements were made, by approximately ten per cent. of their cost. An appeal was taken to this court, the only issue arising on this finding being that it was made without evidence to support it. This we held not to be so, but found error upon another phase of the case, and remanded the cause to be proceeded with according to law. *McIsaac* v. *Hale,* 104 Conn. 374, 132 Atl. 916. Upon the second trial, from the judgment in which the present appeal is taken, the trial court became satisfied of the falsity of the testimony of the defendant on the first trial as to the increase in rentals when the written lease was made and found that there was no such increase; and it further found that the cost of the improvements made in 1918 was intended to be included in estimating the amount of the additional rent to be paid under that lease.

The sole ground of the present appeal is that the trial court had no right on the second trial to reopen the issue as to the improvements which were intended to be included in estimating the increased rental provided in the lease, but that the finding on the first trial and the decision by this court concluded the parties upon that issue. The effect of the finding of error on the first appeal and the remanding of the case to be proceeded with according to law was to destroy entirely the efficacy of the judgment appealed from

McIsaac *v.* Hale.

and require a new trial of all the issues in the case. *Lewis* v. *Yale,* 78 Conn. 202, 207, 61 Atl. 364. The statements of fact in the opinion of this court were merely the adoption of the findings of the trial court for the purpose of the determination of the appeal, and gave to those findings no additional force. *Corbett* v. *Matz,* 72 Conn. 610, 612, 45 Atl. 494. A very similar situation is considered by us in *State ex rel. Lynch* v. *Whitehouse,* 80 Conn. 111, 119, 67 Atl. 503.

The assignments of error include two which so transcend the bounds of proper procedure that they ought not to be passed without comment. Each covers about two printed pages and recites *in extenso* certain evidence and rulings thereon, one consisting of matter which is not even stated in the finding. We have repeatedly pointed out that such assignments are wholly improper and have stated the procedure for the presentation of rulings upon evidence to this court to be a succinct but clear statement in the finding of the ruling in question and of sufficient relevant facts to show the circumstances under which it was made, and an assignment of error which specifically refers to the ruling as it is stated in the finding, without repeating more than is necessary to make the reference clear. *Doolan* v. *Heiser,* 89 Conn. 321, 323, 94 Atl. 354; *Leahy* v. *Cheney,* 90 Conn. 611, 617, 98 Atl. 132; *Friedler* v. *Hekeler,* 96 Conn. 29, 34, 112 Atl. 651; *Healy* v. *Loomis Institute,* 102 Conn. 410, 128 Atl. 774.

There is no error.

In this opinion the other judges concurred.