ETTA JOSEPH *vs.* WALTER A. DONOVAN ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 5th, 1933—decided February 6th, 1934.

*Charles A. Harrison,* with whom, on the brief, was *Milton G. Harrison,* for the appellant (plaintiff)

*Daniel D. Morgan,* with whom, on the brief, was *Robert J. Woodruff,* for the appellees (defendants Woodruff, Peck and Sanderson).

AVERY, J. This case has been before us on two previous occasions. The first was an appeal taken by the plaintiffs from a judgment of nonsuit (*Joseph* v. *Donovan,* 114 Conn. 79, 157 Atl. 638) and we there held that the plaintiff had a valid judgment lien which attached to the interest of Donovan in the premises at the time the attachment was made, and which was enforceable to the extent of the interest he had after he had acquired title; and, accordingly, we reversed the judgment and remanded the cause to be proceeded with according to law. The second appearance (*Joseph* v. *Donovan,* 116 Conn. 160, 164 Atl. 498) was an appeal by the plaintiff and by certain defendants from a judgment of foreclosure, granting priority to the mortgage of Woodruff, Peck and Sanderson over the judgment lien of the plaintiff derived from the previous attachment of Donovan's interest. The plaintiff appealed and the question involved and decided in her appeal was whether the third mortgage to Woodruff, Peck and Sanderson, made subsequent to the attachment of Donovan's interest in the property by the plaintiff's assignor was entitled to priority over the plaintiff's judgment lien as a purchase-money mortgage, it having appeared in the finding that the mortgage was made by Donovan to secure his note to them in the amount of $18,793.75, that the balance of the purchase price due on the property was $12,247.50, and that included in the indebtedness of Donovan to Woodruff, Peck and Sanderson evidenced by the note was an indebtedness of Donovan to the West Haven Bank and Trust Company in the amount of $3831.36, and to Robert J. Woodruff, for legal services, $2180. We

stated in that case (p. 165): "To give to their mortgage the priority of one for purchase-money, would effect a preference of Donovan's debts to the bank and to Robert J. Woodruff over the attachment, and amount to a fraud upon the plaintiff's rights." Accordingly, we remanded the case to the Superior Court for further proceedings according to law.

The appeal which the plaintiff took in that case was one which left no portion of the judgment unaffected and not subject to reversal by this court. Accordingly, when we held that the court was in error in giving priority over the plaintiff's lien to the entire indebtedness of Donovan to Woodruff, Peck and Sanderson, a reversal of the entire judgment was a necessary consequence, and the effect of our finding of error and remanding the cause to be proceeded with according to law was to destroy entirely the efficacy of the judgment appealed from and require a new trial of all the issues in the case. *McIsaac* v. *Hale,* 105 Conn. 249, 250, 135 Atl. 37; *Lewis* v. *Yale,* 78 Conn. 202, 207, 61 Atl. 364. Upon the new trial, the court entered judgment that Woodruff, Peck and Sanderson were the holders of a purchase-money mortgage in the sum of $12,247.50 with interest from January 16th, 1928, prior to the judgment lien of the plaintiff in the sum of $4834.24 with interest from October 30th, 1929; and that the defendants Woodruff, Peck and Sanderson were the owners of a part of a mortgage in the sum of $6546.25 with interest from January 16th, 1928, subsequent to the judgment lien of the plaintiff, the latter amount representing the difference between the face of their mortgage and the part of the sum advanced which entered into the purchase of the property; and fixing a law day to the plaintiff for the redemption of that part of the Woodruff, Peck and Sanderson mortgage which represented purchase-money,

provided that upon payment of that sum by the plaintiff on or before the law day fixed, title to the property should vest in the plaintiff, subject to a right of redemption by the defendants Woodruff, Peck and Sanderson of the balance of their mortgage on or before a law day fixed for them.

On the present appeal, the plaintiff attacks the correctness of this judgment. No finding of facts was requested of or made by the trial court and the only claimed errors which we can consider are those appearing upon the face of the record. Rules for Appellate Procedure, § 3. We are confined, therefore, on this appeal to the consideration of the question whether the judgment entered by the trial court was permissible, in dividing the indebtedness and giving priority over the plaintiff's judgment lien to that part of the debt which was incurred in the advance of money actually used to purchase the property; and on the other hand, granting priority to the plaintiff's judgment lien over the balance of the indebtedness. There being no finding in the case, we cannot presume that there was any fraud or bad faith upon the part of Woodruff, Peck and Sanderson in taking the mortgage for an amount in excess of that which actually entered into the purchase price of the property. In the absence of such a finding, it has been held by the great weight of authority that a mortgage may be divided; that so far as it is a purchase-money mortgage, it constitutes a lien on the property prior to that of an attaching creditor, while the part which does not represent purchase-money is not entitled to such priority. *New Jersey Building, Loan & Investment Co.* v. *Bachelor,* 54 N. J. Eq. 600, 35 Atl. 745, 747; *Franklin Society for Home Building and Savings* v. *Thornton,* 85 N. J. Eq. 525, 527, 96 Atl. 921, 922; *Bond* v. *Westine,* 128 Kan. 370, 278 Pac. 12, 13; *Roby* v. *Bismarck Na-*

*tional Bank,* 4 N. D. 156, 162, 59 N. W. 719, 721;
*Campbell and Pharo's Appeal,* 36 Pa. St. 247, 257;
*Dillon* v. *Burn,* 5 Cal. 455, 457; *Wilson* v. *Lubke,* 176
Mo. 210, 75 S. W. 602, 603; 3 Tiffany, Real Property
(2d Ed.) § 636. It follows that the mortgage of Wood-
ruff, Peck and Sanderson has priority over the judg-
ment lien of the plaintiff to the extent of $12,247.50
with interest from January 16th, 1928, and is subse-
quent to the plaintiff's judgment lien in the amount of
$6546.25 with interest from January 16th, 1928.

The plaintiff has a right to foreclose the part of the
mortgage which has not priority and the right to re-
deem the part which has priority. In her complaint,
the plaintiff seeks merely a foreclosure of her judg-
ment lien and cannot be compelled, as a condition
thereto, to redeem that part of the mortgage repre-
senting purchase-money which is prior to her judg-
ment lien. It follows that the judgment is erroneous
in so far as it compels the plaintiff to redeem that part
of the mortgage, $12,247.50 with interest from January
16th, 1928, which is prior to her judgment lien.

There is error and the cause is remanded to the
Superior Court with directions to enter judgment fix-
ing the amount of the plaintiff's lien at $4834.24 with
interest thereon from October 30th, 1929, and granting
to the plaintiff the right of foreclosure in that amount
against the mortgage of Woodruff, Peck and Sanderson
to the amount of $6546.25 with interest from January
16th, 1928; and fixing new law days accordingly.

In this opinion the other judges concurred.