STATE OF CONNECTICUT *v.* WILLIAM J. O'BRIEN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 16-3486

Argued November 30, 1962—decided February 14, 1963

*F. Owen Eagan,* of Hartford, with whom, on the brief, was *Martin A. Clayman,* of Newington, for the appellant (defendant).

*Marvin W. Platt,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. The defendant was charged in a substituted information with the crime of speeding on or about April 3, 1962, at West Hartford, in violation of § 14-219 of the General Statutes, and elected to be tried by a jury, which found him guilty as charged. In his appeal, only two assignments of error are raised and pressed. Both relate to rulings on evidence. We point out that where error is claimed in the admission or rejection of evidence, Circuit Court Rule 7.29.1 (4) must be followed. Cir. Ct. Rule 7.36.1 (4). Rule 7.29.1 (4) provides that "[e]ach such assignment [of error] shall be separately numbered and shall refer to an exhibit which shall be annexed and shall set forth the question, the objection, the answer if any, and the exception." See Practice Book, Form No. 594 (3) (C). In this case, the defendant instead has annexed the transcript, which he designates "exhibit A," and refers to certain pages in the transcript to support the assignments. For example, his first assignment of error reads as follows: "The court erred in admitting the testimony of Officer Houle regarding the presence of a speed sign as appears in Exhibit A [the transcript] annexed hereto, commencing on the bottom of page 4 through the middle of page 11." The second assignment is no better. The assignments of error so transcend the bounds of

proper procedure that they cannot be considered on appeal. See *McIsaac* v. *Hale,* 105 Conn. 249, 251. Upon the state of this record, there is no way of knowing whether the rulings on evidence were prejudicial to the defendant. "The statement of facts should be such as to place the ruling in a proper setting so that it can be clearly understood, and its harmfulness and materiality and relevancy can be seen." Maltbie, Conn. App. Proc., p. 181. "The setting given is inadequate to enable us to judge the effect of these rulings." *D'Andrea* v. *Rende,* 123 Conn. 377, 382.

There is no error.

DEARINGTON, KINMONTH and JACOBS, Js., participated in this decision.