BRIAN M. O'DONNELL v. POLICE COMMISSION AND POLICE TRIAL BOARD OF THE TOWN OF GREENWICH ET AL.

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and LONGO, Js.

Argued January 3—decision released March 14, 1978

*James W. Macauley,* assistant town attorney, for the appellants (defendants).

*John Keogh, Jr.,* with whom, on the brief, was *Kenneth M. Evans,* for the appellee (plaintiff).

BOGDANSKI, J.  The plaintiff, a sergeant in the Greenwich police department, appealed to the Court of Common Pleas from the action of the Greenwich police commission and trial board in suspending him and demoting him to the rank of a patrolman.  The trial court sustained the plaintiff's appeal and ordered him reinstated to the status of a sergeant with all pay and benefits lost.

The following facts are undisputed: On the night of December 19, 1971, the plaintiff and two fellow officers were at the Field Stone Terrace Restaurant in the town of Norwalk.  As a result of an altercation which arose, all three officers were arrested and the plaintiff was charged with assault, breach of the peace and failure to submit to fingerprinting.

The next day the plaintiff was suspended without pay and benefits by the defendant Stephen M. Baran, Jr., chief of the Greenwich police department, pursuant to § 3, paragraph 5, of the manual of police rules and regulations.

Thereafter, the plaintiff was notified to appear at a hearing on January 4, 1972, before the Greenwich police commission. After that hearing, the police commission ratified the action of Chief Baran and continued the suspension pending the disposition of the criminal charges and the further action of the Greenwich police trial board. Following a trial in the Circuit Court on April 13, 1972, the plaintiff was acquitted of the criminal charges.

On May 16, 1972, the police trial board held its hearing and determined that "[t]o the extent that the Chief of Police's charges[1] of December 22,

---

[1] "Their misconduct . . . was degrading and failed to cultivate in the public mind the fullest realization that the police department is a most vital requisite to public well being. According to the Norwalk police department official investigative reports: a. While in the bar area of the Field Stone Terrace Restaurant, Norwalk, the three officers were asked . . . by the co-owner to 'cool things down' after he had received complaints about their 'remarks' to female customers. . . . They verbally identified themselves as Greenwich policemen. b. . . . [A]n altercation took place outside and in front of the Field Stone Restaurant. The Norwalk Police were summoned. . . . c. Upon arrival of Norwalk Police, approximately 50 persons, in a 'loud and hostile mood,' were gathered in a circle around the three Greenwich off-duty officers and several witnesses informed the Norwalk officers that the three were 'causing all the trouble.' d. Norwalk police informed that the three officers physically resisted the Norwalk police and interfered with their efforts to quell the disturbance, stating that they were Greenwich policemen. e. Witnesses stated that one of the men, later identified as Sergeant O'Donnell, drew a gun during the fight, dropped it, and it was picked up and placed in the restaurant safe by the co-owner, and later confiscated by Norwalk police."

1971, were based on the charges of which Sergeant O'Donnell was acquitted, Sergeant O'Donnell is found not guilty of said charges."

The police trial board, however, found the plaintiff guilty of interfering with the efforts of the Norwalk police and found such conduct unbecoming an officer of the Greenwich police department. The board then ordered that the plaintiff be demoted to the rank of patrolman, effective May 19, 1972, and that all pay from December 20, 1971, through April 12, 1972, be forfeited as a fine.

On appeal, the Court of Common Pleas found that the hearing of May 16, 1972, and the action taken was illegal and invalid and ordered the plaintiff reinstated with all back pay and benefits.

We shall address ourselves to the issue which is dispositive of the appeal. In one of the assigned errors, the defendant board claimed that the trial court erred "[i]n refusing to recognize the power, authority and discretion of the police trial board to determine the credibility of witnesses and to determine issues of fact."

The record reveals that three Norwalk police officers testified before the police trial board concerning the events at the Field Stone Terrace Restaurant on the night of December 19, 1971.[2] The

---

[2] Three Norwalk police officers testified before the police trial board that the Norwalk police received a call concerning a fight at the restaurant. Upon arrival, they found a large group of hostile people. The plaintiff, who was intoxicated, identified himself as a Greenwich police officer before the crowd and told the Norwalk police that he and the other Greenwich policemen involved would handle the problem. He pushed one of the Norwalk policemen. After the plaintiff's yelling and pushing, the crowd got more hostile. The plaintiff seemed to have been in a fight and had had his gun taken away from him. The plaintiff refused to give his name or any statement regarding the incident.

trial court nevertheless found that "[t]he evidence in the record does not support the conclusion that the plaintiff was active in interfering in the efforts of the Norwalk police; it merely shows that he was the victim of an unprovoked assault, dazed, confused and upset. The evidence in the record does not support the conclusion that the plaintiff had consumed alcoholic beverages to the extent that his actions and conduct during the course of the investigation by the Norwalk police, were influenced thereby."

The present matter is an administrative appeal. Conclusions reached by an administrative board must be upheld by the trial court if they are supported by the evidence that was heard. The credibility of witnesses and the determination of issues of fact are matters within the province of the administrative board. *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 563, 345 A.2d 520. It is not the function of the court to retry the case. Upon appeal the function of the court is to examine the record of the hearing before the board to determine whether the conclusions reached are supported by the evidence that was before it. The question is not whether the trial court would have reached the same conclusions but whether the record before the board supports the board's action. *Conley* v. *Board of Education,* 143 Conn. 488, 492, 123 A.2d 747.

The record reveals that the board heard evidence as to the occurrences on the night of December 19, 1971, including the testimony of three Norwalk police officers who were called to the scene. The board then weighed that evidence and concluded

that the plaintiff's conduct at the scene was unbecoming a police officer of the Greenwich police department.

The trial court's finding, however, reveals that the court itself weighed the credibility of the witnesses and determined issues of fact as showing that the plaintiff was merely the victim of an unprovoked assault, dazed, confused and upset, and that he had not consumed alcoholic beverages to the extent that it influenced his actions and conduct. In so doing, the trial court exceeded its scope of judicial review.

There is error, the judgment is set aside and the case remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.