BRIAN M. O'DONNELL *v.* POLICE COMMISSION
OF THE TOWN OF GREENWICH ET AL.
(2792)

HULL, SPALLONE and DALY, Js.

Argued April 9—decision released May 28, 1985

*James W. Macauley,* for the appellants (defendants).

*John Keogh, Jr.,* for the appellee (plaintiff).

DALY, J. This case came before the trial court,
*Dean, J.,* on remand from the Supreme Court in

*O'Donnell* v. *Police Commission,* 174 Conn. 422, 389 A.2d 739 (1978) *(O'Donnell I).* The facts essential to this appeal were set forth therein and need not be repeated here.

The Supreme Court in *O'Donnell I* held that the trial court, *Reynolds, J.,* itself, rather than the administrative body, had weighed the credibility of witnesses and determined issues of fact. It concluded: "There is error, the judgment is set aside and the case remanded for further proceedings in accordance with law." *O'Donnell* v. *Police Commission,* supra, 427. Subsequently, the Supreme Court refused the plaintiff's motion for permission to reargue.[1]

The trial court reinstated the original trial court's conclusions except for the findings with respect to the credibility of witnesses. From this judgment, the defendant has appealed.

The sole issue is whether the trial court complied with the terms of the remand.

When carrying out a mandate of the reviewing court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. " 'It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. No judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that the appellate court might have directed. The trial court should examine the mandate and *the opinion of the reviewing court and proceed in conformity with the views expressed therein.' "* (Emphasis in original.) *Wendland* v. *Ridgefield Construction Services, Inc.,* 190 Conn. 791, 795, 462 A.2d 1043 (1983).[2] The effect of the finding

---

[1] The plaintiff's motion to reargue was denied on April 11, 1978.

[2] The rescript in *Wendland* is virtually identical with *O'Donnell I* except for "according to law" instead of "in accordance with law."

of error on the first appeal and the remanding of the case to be proceeded with according to law was to destroy entirely the efficacy of the judgment appealed from and require a new trial of all the issues in the case. Id., 796–97; *Osterlund* v. *State*, 135 Conn. 498, 501, 66 A.2d 363 (1949); *Joseph* v. *Donovan*, 118 Conn. 80, 83, 171 A. 24 (1934); *McIsaac* v. *Hale*, 105 Conn. 249, 250–51, 135 A. 37 (1926); Maltbie, Conn. App. Proc. § 345.

We will assume arguendo that the colloquy between counsel and the trial court was tantamount to a new trial.[3] The trial court found that the Supreme Court in *O'Donnell I* had reversed the case on only one ground, i.e., the trial court's exceeding its authority concerning the credibility of witnesses. It felt that *O'Donnell I* did not consider whether the imposition by the chief of police of a fifteen day suspension was a final action so that no further punishment could be meted out. Nor did it consider the issue concerning the composition of the police trial board. Both of these issues, however, were set forth in the plaintiff's motion for permission to reargue to the Supreme Court, which motion had been denied.

The trial court determined that it was "without power to overrule another Superior Court judge and consequently the ruling of Judge Reynolds except as to his finding of lack of credible evidence to support the Board's action stands." The trial court also determined that the credibility issue was separable from the two issues raised herein, and that while the reversal of the judgment by the Supreme Court annulled it, it did not necessarily set aside the foundation upon which it rested. Such a position does not comport with the requirement of a remand that a new trial be held of

[3] The trial court stated: "I am not going to hold a hearing and make rulings on the law when Judge Reynolds has already decided those issues on the law."

all the issues in the case. The trial court further found that there was credible evidence to support the decision of the police trial board on the basis of the judicial admissions of counsel.

We point out that the court's essential function in an administrative appeal is to review the administrative proceedings to determine whether the action appealed from was legal. That review is normally limited to the record and the court cannot hear evidence. *Neri* v. *Powers,* 3 Conn. App. 531, 537, 490 A.2d 528 (1985).

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.