[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Philip H. Schnabel appeals the decision of defendant Paul O. Shew, town manager of the town of Rocky Hill, dismissing the plaintiff from the position of chief of police of the town. The plaintiff appeals pursuant to General Statutes § 7-278. The defendants move for summary judgment. For the reasons set forth below, the motion is denied.
The basis of the defendants' motion is that all of the factual issues necessary to the court's decision on the plaintiff's appeal have been fully litigated in this court during a previous civil action between the parties. The defendants contend that the doctrine of collateral estoppel precludes further litigation of those issues and that the defendants are entitled to judgment as a matter
An appeal pursuant to General Statutes 7-278 is an administrative appeal. O'Donnell v. Police Commission,174 Conn. 422, 426 (1978). Except in circumstances not applicable here, Practice Book § 379 does not permit the court to render summary judgments in administrative appeals. CT Page 5480
In addition to the prohibition in the practice book, the provisions of § 7-278 of the general statutes do not accommodate resolution of appeals by summary judgment. That statute provides, in relevant part, that "(the) court shall review the record of such (administrative) hearing." It further provides that the court may order the taking of additional evidence if that "is necessary for an equitable disposition of the appeal." These provisions require the court to examine the entire record of the administrative proceeding before deciding the appeal.
The statutory and practice book provisions cited above require the court to deny the defendants' motion for summary judgment. The court's decision on the motion does not mean, however, that the doctrine of collateral estoppel is inapplicable in the administrative fact — finding process or in the court's review of that process. The doctrine may well be applicable in the court's assessment of the evidence that was before the town manager and that formed the factual basis for his decision.
The record of the administrative proceeding and the defendants' answer have been filed in the court. Although the parties have extensively briefed the issues of collateral estoppel and the introduction of additional evidence, there may be other issues presented by the appeal that the plaintiff desires to brief. Accordingly, the plaintiff may submit an additional brief on or before June 20, 1994. The defendants may submit a reply brief on or before July 20, 1994. The submission of briefs is optional. The court will schedule a hearing on the appeal after July 20, 1994.
In accordance with General Statutes § 7-278, the court will decide the issue whether to take additional evidence during the hearing on the appeal. The court notes that the party seeking to introduce such evidence has the burden of establishing that such evidence is "necessary" within the meaning of § 7-278.
MALONEY, J CT Page 5481