[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the City of Stamford, has taken this appeal, pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq., from a decision of the defendant, Connecticut State Board of Labor Relations (the "Board").
In March 1991, the plaintiff, acting through its mayor, announced the layoff of nine probationary firefighters due to CT Page 8843-A the fiscal constraints. On March 26, 1991 IAFF Local 786 (the "Union") filed a grievance on behalf of the nine firefighters with Acting Chief Nosenzo who denied the grievance. The Union appealed to the Fire Commission which upheld the grievance.[1]
Although the grievance was upheld, the City of Stamford (the "City") then failed to rescind the layoff notices to the nine probationary firefighters.
Prior to the Fire Commission's decision, the Union filed for a preliminary injunction in the Superior Court of Stamford/Norwalk. On April 25, 1991, the Honorable A. William Mottolese on an opinion from the bench, denied the request based on the availability of an adequate remedy at law.[2]
Also, in April 1991, the Union filed a grievance with the defendant alleging that the City had violated the Municipal Employees Relations Act ("MERA")[3] in that: (1) it had unilaterally repudiated the minimum manpower provision of a contract during negotiations; (2) failed to implement a grievance settlement reached at the second step of the CT Page 8843-B contractual grievance procedure; and (3) failed to honor the same grievance settlement by refusing to fund the positions which were the subject of the grievance.
Hearings were held before the Board on August 5, 1991 and August 12, 1991. On March 17, 1993 the Board filed its decision in which it concluded "that the City committed prohibited practices both by failing to comply with the Fire Commission's grievance settlement, and by instructing the Fire commission to `let the grievance go to the State', it is not necessary to reach a conclusion on the Union's claim that the City's actions rise to the level of contract repudiation." The Board also concluded that "the failure to implement the grievance settlement issued by the Fire Commission and the Mayor's directive were attempts to circumvent the mutually agreed upon grievance procedure and are violations of the Act."
STANDARD OF REVIEW
This appeal is governed by General Statutes § 4-183(j). CT Page 8843-C The question on appeal is not whether the reviewing court would have reached the same conclusion, but whether the record before the agency supports the action taken. O'Donnell v.Police Commission, 174 Conn. 422, 426 (1978). If the findings are supported by substantial evidence, they cannot be disturbed. City of Norwich v. Norwich Firefighters, et al,173 Conn. 210, 214 (1977). The Court has the function of reviewing the record to determine whether the Labor Board acted arbitrarily, unreasonable or contrary to law. Id., 214.
According to General Statutes § 7-474(f) "[w]here there is a conflict between any agreement reached by a municipal employer and an employee organization . . . and any charter . . . on matters appropriate to collective bargaining . . . the terms of such agreement shall prevail . . . ." Under the grievance procedure in the agreement, the Fire Commission is the second step in the grievance procedure. The Fire Commission upheld the Union's grievance but the City refused to abide by the decision of the Fire Commission. Thus, the Board only determined that the City was bound by the terms of the grievance settlement. CT Page 8843-D
The plaintiff also asserts that the mayor has the power to balance a budget by laying off probationary employees. Therefore, the City has the right to ignore the Fire Commission's grievance settlement.[4] In its brief and during oral arguments, the plaintiff cited three cases in support of this proposition: Perretta v. New Britain, 185 Conn. 88
(1981); Lombardi v. Bridgeport, 194 Conn. 601 (1984); andHennessey v. Bridgeport, 213 Conn. 656 (1990). Although the cases cited give the mayor authority to order layoffs for budgetary reasons in some circumstances, none of the decisions involve binding collective bargaining agreements or the application of MERA. Therefore, they are clearly distinguishable.
The plaintiff's position that the Board erred in finding that the Fire Commission could bind the mayor by resolving the grievances is faulty. According to General Statute § 7-470(a)(6) "[m]unicipal employers or their representatives or agents are prohibited from refusing to comply with a grievance settlement . . . ." General Statutes § 7-474(c) CT Page 8843-E states that "[n]ot withstanding any provision of any general statute, charter, special act or ordinance to the contrary, the budget-appropriating authority of any municipal employer shall appropriate whatever funds are required to comply with a collective bargaining agreement . . . ." Although the court could not find any case law interpreting these statutes regarding this issue, given their logical reading, the court interprets them to mean that an employer cannot refuse to enforce a valid grievance settlement that is arrived at through the procedure outlined in a contract negotiated through collective bargaining and therefore cannot avoid compliance by failing to appropriate the necessary funds.
Regarding the plaintiff's assertion that the Board should have been bound by Judge Mottolese's comments regarding whether the initial layoffs violated the collective bargaining agreement this court believes the Board was not bound. First, these remarks were not binding since Judge Mottolese was not looking at the merits of this issue, just whether there were grounds for an injunction, and second, the Board was not making a determination regarding whether the initial layoffs CT Page 8843-F of the firefighters violated the collective bargaining agreement. The Board was only concerned with whether the City has a statutory obligation to abide by the valid grievance settlement reached through the established grievance procedure.[5]
This court finds that based on the record presented to the court, the Board's actions were justified by the evidence. Therefore, the court affirms the decision of the Board as not being arbitrary, capricious or illegal.