## ALFRED WENDLAND *v.* RIDGEFIELD CONSTRUCTION SERVICES, INC.
### (11356)

SPEZIALE, C. J., PETERS, PARSKEY, SHEA and GRILLO, Js.

Argued June 2—decision released July 26, 1983

*L. Douglas Shrader,* for the appellant-appellee (plaintiff).

*Roger Sullivan,* with whom, on the brief, was *Robert D. Mercer-Falkoff,* for the appellee-appellant (defendant).

GRILLO, J. This appeal is a sequel to the decision of this court in *Wendland* v. *Ridgefield Construction*

*Services, Inc.,* 184 Conn. 173, 439 A.2d 954 (1981) (hereinafter *Wendland I*). A brief recital of certain aspects of the history and rulings involved in the original trial and in the proceedings in this court in *Wendland I* is necessary.

The plaintiff, a construction worker, was injured by the collapse of an earthen wall, the construction site having been excavated by the defendant, a subcontractor of the plaintiff's employer. The plaintiff instituted an action against the subcontractor defendant resulting in a verdict for the plaintiff in the amount of $247,000. The jury found no contributory negligence by the plaintiff. At that trial the court instructed the jury that a violation of regulations promulgated under the Occupational Safety and Health Act (hereinafter OSHA) constituted negligence per se.

The defendant appealed that judgment, claiming three errors were committed at the trial: (1) the negligence per se instruction, (2) the excessive size of the award, and (3) the failure of the verdict to account for the plaintiff's own negligence. This court addressed only one issue, the negligence per se instruction. We determined that this instruction was harmful error. The judgment was set aside, and the case was "remanded for further proceedings according to law." *Wendland v. Ridgefield Construction Services, Inc.,* supra, 181.[1]

---

[1] After our opinion in *Wendland.* v. *Ridgefield Construction Services, Inc.,* 184 Conn. 173, 439 A.2d 954 (1981), the plaintiff filed a motion "to reargue and/or to amend rescript," wherein he argued that this court should not have reached the issue of whether the plaintiff was entitled to a jury instruction on negligence per se, as this issue was not properly before us. The plaintiff further argued that in any event our decision finding error in such a charge was erroneous and additionally requested this court to amend the rescript so as to restrict the issues to be retried solely to those relating to the defendant's liability. By order dated July 22, 1981, this court denied the plaintiff's motion to reargue.

Following remand, the plaintiff moved the trial court "pursuant to General Statutes § 52-266 and the rule of such cases as *Nash* v. *Hunt,* 166 Conn. 418 [352 A.2d 773] (1974), for an order limiting the trial of this action to the issue of defendant's liability only." That request was denied by the court, *Jacobson, J.*

At the conclusion of the evidence in the second trial the defendant requested permission to amend its special defense of comparative negligence on the part of the plaintiff, which the court granted.[2]

The jury returned a plaintiff's verdict, awarded damages of $97,178, and reduced the award based on 15.8 percent comparative negligence to $81,824. The plaintiff moved to set aside the verdict and to reinstate the first jury verdict on the grounds that (1) it was erroneous to submit the issue of damages to the jury, a claimed violation of General Statutes § 52-266, and

----

[2] The original special defense read as follows:

"At the time and place mentioned in the plaintiff's complaint, the negligence of the plaintiff was greater than the negligence of the defendant, which such negligence is expressly denied by the defendant, in that the plaintiff knew or in the exercise of reasonable care should have known of the condition of which he now complains, i.e., the condition of the trench caused by the weather conditions, which such negligence of the plaintiff was the proximate cause of his injuries and damages."

The amended special defense recited the following:

"At the time and place mentioned in the plaintiff's complaint, the negligence of the plaintiff was greater than the negligence of the defendant, which such negligence is expressly denied by the defendant, in that the plaintiff knew or in the exercise of reasonable care should have known of the condition of which he now complains, i.e., the condition of the trench caused by the weather conditions, which such negligence of the plaintiff was the proximate cause of his injuries and damages in the following respects: (a) and that he recognized the hazardous nature of the trench upon the day he was injured, but failed and neglected to remove himself from the area of danger or to brace or shore or take any other available precautions to protect himself; (b) and in that despite having recognized the hazard of the embankment, he proceeded to drive braces from the forms into the embankment, thereby contributing in a causitive way to the resultant cave-in."

(2) it was erroneous to submit the defendant's amended special defense to the jury because it was untimely filed and because it pleaded assumption of risk in violation of General Statutes § 52-572h (c). The court, *Belinkie, J.,* denied the motion to set aside the verdict and rendered judgment upon that verdict. From this judgment the plaintiff appeals.[3]

This appeal presents the following issues: (1) whether the trial court erred in submitting the issue of damages to the jury in violation of General Statutes § 52-266[4] and in refusing to correct the verdict to reflect the amount of the jury verdict in the first trial; and (2) whether the trial court erred in submitting the defendant's amended special defense to the jury because it was untimely filed and because it pleaded the defense of assumption of risk in violation of General Statutes § 52-572h (c).

We sustain the refusal of the court below to limit the trial to the issue of liability only.

"In carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted *in light of the opinion.* [Emphasis added.] *Mazzotta v. Bornstein,* 105 Conn. 242, 243, 135 A. 38 [1926]. This is the guiding principle that the trial court must observe. *State Bar Assn. v. Connecticut Bank & Trust Co.,* 146 Conn. 556, 561, 153 A.2d 453 [1959]. Compliance means that the direction is not deviated

---

[3] Although the defendant initially filed a cross appeal, it elected not to pursue the issues raised therein.

[4] Section 52-266 of the General Statutes provides: "If several issues are presented by the pleadings and, on the trial of one or more of such issues, an error or ground for a new trial intervenes which does not affect the legality of the trial or disposition of the other issue or issues, judgment shall not be arrested or reversed, nor a new trial granted, except so far as relates to the particular issue or issues in the trial of which such error or ground for a new trial intervened."

from. The trial court cannot adjudicate rights and duties not within the scope of the remand. *Humphrey* v. *Gerard,* 84 Conn. 216, 221–22, 79 A. 57 [1911]." *Nowell* v. *Nowell,* 163 Conn. 116, 121, 302 A.2d 260 (1972); *State* v. *Avcollie,* 188 Conn. 626, 643, 453 A.2d 418 (1982). "It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. No judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that the appellate court might have directed. The trial court should examine the mandate and *the opinion of the reviewing court and proceed in conformity with the views expressed therein."* (Emphasis added.) *Nowell* v. *Nowell,* supra.

As *Nowell* clearly indicates, the trial court was required to consider not only the last paragraph of our decision in *Wendland I,* which stated that "the judgment is set aside and the case is remanded for further proceedings according to law," but also was obligated to examine the full opinion of this court. The opinion concludes as follows: "In the present case, however, a *new trial* is required because the charge incorrectly included a negligence per se instruction." (Emphasis added.) *Wendland* v. *Ridgefield Construction Services, Inc.,* supra, 181.

The opinion in *Wendland I* addressed only the issue of the trial court's charge concerning the violation of OSHA regulations as being negligence per se. This court did not consider the defendant's claim of excessive damages or its contention that the verdict failed to account for the plaintiff's own negligence.

In his motion in limine requesting a trial on the issue of damages only, the plaintiff relied on *Nash* v. *Hunt,* supra, in which case this court ordered a retrial limited

to the issue of liability only. After observing that we remanded *Nash* on the issue of liability only, the trial court noted that in the opinion in *Wendland I* "the Supreme Court was silent on the issue of an excessive damage award raised by the defendant . . . ." The court concluded that § 52-266, in view of the mandate of this court, did not give the trial court discretion to limit the issues.[5] The plaintiff insists that by failing to rule on the defendant's claim in *Wendland I* that the verdict was excessive, this court "tied something of a Gordian knot for itself" and suggests "a means by which that knot can be cut" by urging that we direct the trial court to render judgment based on the $247,000 verdict in *Wendland I*. The implication is that this court inadvertently omitted to consider the question of excessive damages in *Wendland I*. This assumption was adequately answered by this court in *Murray* v. *Krenz*, 94 Conn. 503, 508, 109 A. 859 (1920), in which we noted that "where the retrial of the single issue may affect the other issues to the prejudice of either party, the court will not exercise its discretion in limiting the new trial but will grant it *de novo*."[6]

Where this court finds error upon the appeal and remands the case to be proceeded with according to law, the efficacy of the judgment rendered upon the original trial is destroyed and a new trial of all the issues

---

[5] In *Nash*, we considered the issue of excessive damages, found no error as to that claim and concluded that a new trial on the issue of damages was unnecessary. *Nash* v. *Hunt*, 166 Conn. 418, 428–31, 352 A.2d 773 (1974).

[6] "The right to limit the issues when ordering a new trial should be exercised only when it is clear that no injustice will result from so doing." 5 Am. Jur. 2d, Appeal and Error § 964.

The elimination of the erroneous negligence per se charge, especially in a comparative negligence case, involving, as it does, the determination of the negligence of each party, could have an impact as to the amount of damages found. See *Enlund* v. *Buske*, 160 Conn. 327, 333, 278 A.2d 815 (1971).

in the case is required. *Osterlund* v. *State,* 135 Conn. 498, 501, 66 A.2d 363 (1949); *Joseph* v. *Donovan,* 118 Conn. 80, 83, 171 A. 24 (1934); *McIsaac* v. *Hale,* 105 Conn. 249, 250–51, 135 A. 37 (1926); Maltbie, Conn. App. Proc. § 345.

The plaintiff's second claim of error is that the trial court erred in submitting the defendant's amended special defense to the jury. He avers that the amendment was untimely filed, and further that the special defense pleaded assumption of risk in violation of General Statutes § 52-572h (c). We find these claims unpersuasive.

After the conclusion of testimony, both the plaintiff and the defendant amended their pleadings. The purpose of the amended special defense was to make more specific the general allegation of comparative negligence in the original pleading and to conform that pleading to the testimony elicited at trial. We have specifically noted that the trial court may, within its sound discretion, allow such an amendment after trial. *Saphir* v. *Neustadt,* 177 Conn. 191, 206, 413 A.2d 843 (1979). "We find no abuse of discretion in the court's action, and, thus, the court did not err in allowing the amendment." Id.

Nor can the amendment be viewed as a defense of assumption of risk. The central purpose of § 52-572h was to abolish the harsh common law rule that the doctrines of contributory negligence, last clear chance and assumption of risk operated as a *complete* bar to recovery. *Gomeau* v. *Forrest,* 176 Conn. 523, 525–26, 409 A.2d 1006 (1979). In lieu of these doctrines, subsection (a) of § 52-572h sets forth a single standard: comparative negligence. In determining the relative negligence of each party, however, the factors relevant to the assumption of risk doctrine may be considered

by the trier. As long as the jury is properly instructed concerning the doctrine of comparative negligence; General Statutes § 52-572h (b); elements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining the propriety and totality of the plaintiff's conduct in relation to that of the defendant. "When a plaintiff's conduct in assuming a risk is *unreasonable,* then the [assumption of risk] doctrine overlaps contributory negligence and the principle of comparative negligence embodied in the statute should apply." James, "Connecticut Comparative Negligence Statute: an Analysis of Some Problems," 6 Conn. L. Rev. 207, 213 (1974).

There is no error.

In this opinion the other judges concurred.