[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is an action by plaintiff for damages for injuries sustained in a one car automobile accident on March 30, 1989. The plaintiff was a passenger in the automobile operated by the defendant Scott M. Maheux and owned by the defendant Roger M. Maheux. The plaintiff also claims damages under the Dram Shop Act, Conn. Gen. Stat. sec. 30-102 against the defendant CT Page 4532 Clinton Burnham, permittee, and the Bradley Bowl, Inc.
In their answer, defendants Roger M. Maheux and Scott R. Maheux allege, by way of special defense, that the plaintiff was himself negligent by participating in and encouraging the ingestion of alcohol by the defendant, Scott R. Maheux, and that the plaintiff thereby assumed the risk of this conduct when he voluntarily accepted a ride as a passenger knowing the intoxicated condition of the defendant driver Scott R. Maheux. The plaintiff has moved to strike this special defense on the ground of legal insufficiency, pursuant to Conn. Practice Book Sec. 152.
The issue here is whether the special defense raised by the defendants' plead comparative negligence or assumption of risk.
A motion to strike challenges the legal sufficiency of a pleading. Conn. Practice Book Sec. 152; Mingachos v. C.B.S., Inc., 196 Conn. 91, 108 (1985). A motion to strike may properly raise the issue of the legal sufficiency as a special defense to a cause of action. Conn. Practice Book Sec. 152(5); Nowak v. Nowak, 175 Conn. 112, 116 (1978). The motion to strike must fail "if the facts provable under its allegations would support a defense . . . ." Mingachos, 196 Conn. at 109.
In support of his motion to strike, the plaintiff argues that the language of the special defense does not state a cognizable defense to the plaintiff's cause of action. The plaintiff claims that although the defendants couch the special defense in terms of contributory and/or comparative negligence, the defendants are essentially pleading the doctrine of assumption of risk. The plaintiff correctly argues that Conn. Gen. Stat. sec. 52-57a(1) abolishes the defense of assumption of risk in negligence actions. The defendants maintain that although Conn. Gen. Stat. sec. 52-572h(1) abolishes assumption of risk as a complete defense in negligence actions, the trier of fact may consider factors relevant to assumption of risk as an element of a plaintiff's comparative negligence.
In 1973, the General Assembly enacted Conn. Gen. Stat. sec. 52-572h. "The central purpose of sec. 52-572h was to abolish the harsh common law rule that the doctrines of contributory negligence, last clear chance and assumption of risk operated as a complete bar to recovery. Gomeau v. Forrest,176 Conn. 523, 525-26, 409 A.2d 1006 (1979). In lieu of these doctrines, subsection [(b)] of sec. 52-572h sets forth a single standard: comparative negligence." Wedland v. Ridgefield Construction Services, Inc., 190 Conn. 791, 797 (1983) (emphasis in original). Section 52-572h(b) provides that if a plaintiff CT Page 4533 is contributorily negligent, then any "damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering . . ."
The General Assembly enacted Tort Reform Acts in 1986 (P.A. 86-338) and 1987 (P.A. 87-227) which revised Conn. Gen. Stat. sec. 52-572h. In addition to general technical revisions, these Tort Reform Acts abrogated joint and several liability, P.A. 86-338, and revised a method to reallocate an uncollectable amount of damages from solvent defendants among other defendants so as to fully compensate the claimant, P.A. 87-227. These Tort Reform Acts did not change the standard of comparative negligence nor the abolishment of the doctrine of assumption of risk as a complete bar to recovery, as provided by Conn. Gen. Stat. sec. 52-572h.
Wendland v. Ridgefield Construction Services, Inc.,190 Conn. 791 (1983), is an analogous case when compared to the present case. In Wendland, the defendant filed an amended special defense which alleged the plaintiff's own negligence in that he recognized the hazardous conditions of the trench in which he was working, but (1) failed and neglected to remove himself from the danger, and (2) by his actions proceeded to increase the danger, thereby contributing to his resulting injuries and damages. Id. at 793 n. 2. The jury returned a plaintiff's verdict, but reduced the awarded damages by a percentage equal to the plaintiff's comparative negligence. Id. at 793. The plaintiff argued on appeal that the trial judge should not have submitted the defendant's amended special defense to the jury because it pleaded the defense of assumption of risk in violation of Conn. Gen. Stat. sec. 52-572h(c), which at the time abolished such a defense. Id. at 794.
The Wendland court concluded that the factors relevant to assumption of risk may be specially pled as part of a comparative negligence defense. Id. at 797. The court specifically stated that:
 In determining the relative negligence of each party . . . the factors relevant to the assumption of risk doctrine may be considered by the trier. As long as the jury is properly instructed concerning the doctrine of comparative negligence; General Statutes sec. 52-572h (b); elements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining the propriety and totality of the plaintiff's conduct in relation to that defendant. CT Page 4534
Id. at 797-98.
A number of other Connecticut courts, addressing various negligence actions, have followed the holding of Wendland and have permitted the trier of fact to consider factors relevant to assumption of risk within the context of a comparative negligence defense. See Krause v. Newton, 14 Conn. App. 561
(1988), 211 Conn. 191 (1989) (fall-down claim); Boyd v. Booth,3 CSCR 255 (January 21, 1988, Jacobson, J.) (wrongful death action resulting from automobile accident); Waltman v. Maryann, Inc., 2 CSCR 928 (August 11, 1987, D. Dorsey, J.) (fall-down claim); Gogliettino v. Fortin, 2 CSCR 883 (July 24, 1987, Schaller, J.) (negligence action resulting from automobile accident). But see Bourque v. Union Carbide Corp., 2 CSCR 592
(May 4, 1987, Noren, J.) (noting the explicit statutory abolishment of assumption of risk doctrine, the court struck down the special defense to a slip and fall claim which attempted to "resurrect [this] doctrine as a defense under the misleading heading of `Comparative Negligence.'").
The recent superior court case of Penn v. Laboy, 2 CTLR 80 (August 13, 1990, Axelrod, J.), which follows the Wendland holding is factually analogous to the present case. In Penn, the plaintiff's revised complaint sounded in negligence and wanton and reckless misconduct against the defendant, alleged to be the operator of a motor vehicle involved in an automobile accident which injured the plaintiff passenger. Penn, 2 CTLR at 80. The defendant raised the following special defense:
 The plaintiff's injuries, if any, were caused in whole or in part by her own negligence in that she voluntarily entered the defendant's vehicle and rode with her despite believing that the defendant was intoxicated.
Id. The plaintiff moved to strike the special defense maintaining that Conn. Gen. Stat. sec. 52-572h(1) barred assumption of risk as a defense. Id. The court in Penn concluded that "based on Wendland . . . the factors relevant to the assumption of risk doctrine may be considered by the trier of fact as long as proper instructions are given concerning the doctrine of comparative negligence." Id.
We conclude that the defendants in this present case may raise factors relevant to the assumption of risk doctrine when alleging the plaintiff's comparative negligence. The defendants' special defense specifically pleads the plaintiff's comparative negligence by alleging that by participating in and CT Page 4535 encouraging the ingestion of alcohol by the defendant Scott R. Maheux, and thereafter voluntarily riding as a passenger with the defendant, Scott R. Maheux, the plaintiff "assumed the risk of his own conduct." The defendants' use of the assumption of risk language does not allege an independent assumption of risk defense.
Accordingly, the motion to strike the defendants' special defense is denied.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT