[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On October 19, 1989 the plaintiff, Michael Maulucci, filed a three count complaint against the defendants, Robert Canevari, Frank Bennettieri, Patricia Ahl, and Yankee Restaurant, Inc. The first count of the complaint is against defendant Robert Canevari only; the second count is against defendant Frank Bennettieri only; the third count is against defendants Patricia Ahl and Yankee Restaurants, Inc. only. The plaintiff has moved for summary judgment as to the first count of the complaint.
In the first count, the Plaintiff alleges that on October 9, 1988 the plaintiff was a passenger in a vehicle owned and operated by defendant Canevari. The CT Page 2090 plaintiff alleges that due to defendant Canevari's negligence, the vehicle went out of control, ran off the road, and smashed into a tree. The plaintiff alleges that defendant Canevari was negligent in that he operated the vehicle while intoxicated, in that he failed to keep the vehicle under control, and that he operated the vehicle at an excessive rate of speed. Plaintiff alleges that he suffered personal injuries and incurred expenses due to defendant Canevari's negligence and the resulting collision.
On May 13, 1991 defendant Canevari filed an answer and two special defenses, contributory negligence and participation. On the same date, the plaintiff filed a reply to defendant Canevari's two special defenses.
On November 5, 1992 the plaintiff filed a motion for summary judgment against defendant Canevari on the first count and a memorandum of law in support thereof. The grounds for the motion are that defendant Canevari, in a deposition, admitted that the collision was caused by his negligence, and that defendant Canevari's special defenses, including contributory negligence, are legally insufficient. The plaintiff included a summary of defendant Canevari's deposition testimony in the motion for summary judgment.
On November 13, 1992 defendant Canevari filed a request for leave to amend his answer, an amended answer and a single special defense,[1] and a memorandum of law in opposition to the motion for summary judgment. The amended special defense states:
 [T]he plaintiff was negligent and careless and such negligence and carelessness on his part caused the loss and was a substantial factor in bringing about any injury or damages claimed. The plaintiff was negligent and careless as follows:
 He knew or should have known of the condition of the defendant driver, yet he voluntarily and willingly rode with him as a passenger in a motor vehicle, CT Page 2091 therefore, he assumed the risk of his own conduct.
Summary judgment may be granted when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384; Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316-17,477 A.2d 1005 (1984). "The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns, 207 Conn. 496, 502,542 A.2d 700 (1988). A motion for summary judgment may be used to test the legal sufficiency of the pleadings. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409,279 A.2d 540 (1971); Brill v. Ulrey, 159 Conn. 371, 374,269 A.2d 262 (1970); Meyer v. Valley Forge Insurance Co.,3 Conn. L. Rptr. 456 (April 11, 1991, Maiocco, J.).[2] While it is improper for a plaintiff to move for summary judgment on a special defense, a plaintiff may properly move for summary judgment on the complaint, even if the defendant has filed special defenses. Centerbank v. Silvermine Land Investment Corporation, 8 CTLR 61, 62 (January 11, 1993, Lewis, J.).
The plaintiff argues that defendant Canevari's special defense is essentially an assumption of the risk defense, and that, by statute, this special defense has been abolished in negligence actions. The plaintiff argues further that even though the principles which underlie the assumption of risk defense "may be applied in some cases when determining liability under the comparative negligence statute, . . . this defense . . . [is] not available when the operator of a vehicle is intoxicated. . . ." (Plaintiff's Memorandum, p. 2).
Defendant Canevari argues that in determining the comparative negligence of the parties, factors relevant to the assumption of risk defense may be pleaded and considered by the trier of fact.
"The legal doctrines of last clear chance and assumption of risk in [negligence actions] . . . are abolished." General Statutes 52-572h(1). CT Page 2092
 The central purpose of 52-572h was to abolish the harsh common law rule that the doctrines of contributory negligence, last clear chance and assumption of risk operated as a complete bar to recovery. . . . In lieu of these doctrines, subsection (a) of 52-572h sets forth a single standard: comparative negligence. In determining the relative negligence of each party, however, the factors relevant to the assumption of risk doctrine may be considered by the trier. . . . [E]lements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining the propriety and totality of the plaintiff's conduct in relation to that of the defendant.
(Emphasis in original; citations omitted.) Wendland v. Ridgefield Construction Services, Inc., 190 Conn. 791,797-98, 462 A.2d 1043 (1983).
Several superior court decisions have held that factors relevant to the assumption of risk doctrine may be raised when alleging the plaintiff's comparative negligence under factual circumstances similar to those of the present case. See, e.g., Orr v. Maheux,3 Conn. L. Rptr. 87 (December 10, 1990, Aronson, J.) (Motion to strike special defense was denied where the special defense alleged "that the plaintiff was himself negligent by participating in and encouraging the ingestion of alcohol by the defendant. . ., and that the plaintiff thereby assumed the risk of this conduct when he voluntarily accepted a ride as a passenger knowing the intoxicated condition of the defendant driver. . . ." The court held that the defendants could raise factors relevant to assumption of risk when alleging the plaintiff's comparative negligence.); Penn v. Laboy,2 Conn. L. Rptr. 165 (July 30, 1990, Axelrod, J.) (Motion to strike special defense was denied where the special defense alleged that "[t]he plaintiff's injuries . . . were caused in whole or in part by her own negligence in that she voluntarily entered the defendant's vehicle and rode CT Page 2093 with her despite believing that the defendant was intoxicated." The court held that "the factors relevant to the assumption of risk doctrine may be considered by the trier of fact as long as proper instructions are given concerning the doctrine of comparative negligence."); Illin v. Facondini, 5 CTLR 478 (January 27, 1992, Langenbach, J.) (Motion to strike special defense was denied where the special defense alleged that the plaintiff's injury "was a direct and proximate result of his own carelessness and negligence, in that he allowed himself to be a passenger in the . . . automobile, operated by the defendant, . . . when he knew or should have known that the defendant was in a state of intoxication." The court held that "the defendant is not technically pleading assumption of the risk but comparative negligence. . ."); Spencer v. Balfe, 1 Conn. L. Rptr. 46
(November 22, 1989, Murray, J.) (Motion to strike special defense was denied where the special defense alleged the plaintiff's injuries "were caused in whole or in part by his own negligence, in one or more of the following respects: (a) excessive drinking; (b) failure to act in a reasonably careful manner; (c) failure to act in a reasonably prudent manner with respect to the operation of the automobile." The court held that this special defense was legally sufficient, relying on Wendland v. Ridgefield Construction Services, supra.). But see McCormack v. Sedlak, 6 CTLR 594 (June 23, 1992, McDonald, J.) (Motion to strike special defense was granted where the special defense alleged "that the plaintiff was negligent in riding in the vehicle knowing the defendant was intoxicated." The court held that assumption of risk is not a defense to the violation of statutes designed to protect the public, such as General Statutes 14-227, which prohibits the operation of motor vehicles while intoxicated.).
In the present case, defendant Canevari alleges that the plaintiff was negligent in that he rode with defendant Canevari, even though he knew or should have known of defendant Canevari's intoxicated condition. The defendant Canevari's special defense of comparative negligence alleges factors relating to the plaintiff's failure to comprehend a risk. Pursuant to the holdings of Wendland and the majority of the other cases cited above, we hold that defendant Canevari's special defense CT Page 2094 is legally sufficient, and therefore genuine issues of material fact remain as to plaintiff's comparative negligence. Accordingly, the plaintiff's motion for summary judgment on the first count of the complaint is denied.
Mary R. Hessenney, Judge