[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO STRIKE
This case is a civil action brought by Vanessa Richardson individually and on behalf of her minor child, Tyana Richardson, for personal injuries to the minor child based on alleged exposure to lead-based paint. The complaint, dated February 24, 1997 and filed March 25, 1997, contains four counts sounding in negligence, negligence per se, CUTPA, and for recovery of rents paid. On May 30, 1997, the defendant Schochat filed an answer with six affirmative defenses and two counterclaims which he amended in a filing dated July 21, 1997. The plaintiffs have moved to strike the defendant's first, second, third and fourth affirmative defenses and first counterclaim on the ground that they are barred by the doctrine of parental immunity and improperly impute negligence to a third party.[1]
The operative allegation of the first special defense is that "[p]laintiff was notified of possible lead hazard condition and assumed the risk of injury" (¶ 8), while the second affirmative defense alleges that by failing to vacate the premises the tenant "assumed the risk and danger to herself and her minor child" (¶ 12). The doctrine of assumption of risk was abolished as part of Tort Reform, General Statutes § 52-572h(1), and the doctrine of comparative negligence is the standard for assessing relative liability in negligence cases, General Statutes § 52-572h(f), although the underlying factors relevant to assumption of the risk may still be considered by the factfinder. See Wendland v. RidgefieldConstruction Services, Inc., 190 Conn. 791, 797-98, 462 A.2d 1043
(1983); Kraus v. Newton, 14 Conn. App. 561, 569-70, 542 A.2d 1163
(1988), aff'd. 211 Conn. 191, 558 A.2d 240 (1989). Thus, the first and second special defenses essentially seek to raise the issue of the comparative negligence of the plaintiff Vanessa Richardson, the mother of the minor child, in remaining on the premises in the face of an alleged known lead hazard.
The third affirmative defense is more explicit in raising parental negligence, alleging that the "[p]laintiff failed to exercise reasonable care and supervision of the minor child" CT Page 660 (¶ 14). Likewise, the first counterclaim contains the same allegation (¶ 19) and alleges that as "a result of such neglect the said minor child was injured" (¶ 20).
This court has concluded previously that the doctrine of parental immunity bars claims alleging negligent parental supervision and the negligent exercise of parental discretion whether raised as a special defense or a counterclaim. Martinezv. Maturana, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 473382 (July 14, 1997, Lager, J.); Pickering v. Stanchak, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 470124 (July 14, 1997, Lager, J.); Sabatucci v. Murphy, Superior Court, judicial district of New Haven at Meriden, Docket No. 247259 (July 14, 1997, Lager, J.); Ayala v. Meehan, Superior Court, judicial district of Windham at Putnam, Docket No. 049450 (June 30, 1997, Lager, J.); Tobin v. Connecticut Housing Finance Authority, Superior Court, judicial district of New Haven, Docket No. 333231 (June 17, 1997, Lager, J.); Norwood v. Gordon, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 472232 (April 28, 1997, Lager, J.). In that regard, this court has cited the Restatement (Second) of Torts § 895G, comment (k), which cautions against abrogating parental immunity for acts "involving the exercise of parental authority or supervision . . . [and] the performance of parental duties such as the use of care to provide a safe place to live or adequate necessaries or proper instruction and training." See Henderson v.Woolley, 230 Conn. 472, 481 and n. 15, 644 A.2d 1303 (1994). Allegations regarding a parent's failure to provide reasonable care, supervision and a safe home environment, including allegations that a parent allowed the child to continue to reside in the premises despite a known lead hazard, in this court's opinion, fall "directly within the scope of claims the doctrine [of parental immunity] is intended to bar." Squeglia v. Squeglia,234 Conn. 259, 270, 661 A.2d 1007 (1995). Accordingly, the plaintiffs' motion to strike the first, second, and third special defenses and the first counterclaim is granted.
However, as to the fourth special defense, which alleges that the "plaintiffs intentionally permitted the minor child to ingest lead paint chip [sic]" (¶ 15, emphasis supplied), the plaintiffs' motion to strike must be denied. Taken as true, as required, the allegation that the parent intentionally permitted the minor child to ingest lead paint barely suffices to allow that defense to survive this motion to strike based on the ground CT Page 661 of parental immunity. Intentional parental conduct, at least under certain specific factual circumstances which cannot be elucidated at this stage of the case, may not be protected by the doctrine of parental immunity. See Henderson v. Woolley, supra,230 Conn. at 482 (quoting Hurst v. Capitell, 539 So.2d 264, 266
(Ala. 1989): "[t]o leave children who are victims of suchwrongful, intentional, heinous acts without a right to redress those wrongs in a civil action is unconscionable. . . ." (Emphasis supplied)). While this court is dubious whether sufficient evidence can be adduced in this case[2] to rise to the level of intentional, willful and malicious abuse comparable to the intentional sexual assault at issue in Henderson, supra, and the sexual abuse in Hurst, supra, which could lead the court to conclude that the doctrine of parental immunity does not apply,[3] that question must be left to a later day. Accordingly, the motion to strike the fourth special defense is denied.
In sum, the plaintiffs' motion to strike the first, second and third special defenses and the first counterclaim is granted. The plaintiffs' motion to strike the fourth special defense is denied.
LINDA K. LAGER, JUDGE.