[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#115)
The plaintiff, Lee Chaffin, filed an amended complaint on May 26, 1999, consisting of three counts. In count one, the plaintiff alleged that the defendant, Health Works, Ltd., was negligent in maintaining a defective liquid soap dispenser in the shower area of defendant's health club. The plaintiff further alleges that he slipped and fell as a result of soap that had been deposited on the floor by the dispenser and that he was injured as a result. The second count alleges loss of consortium by the plaintiffs wife and the third count sets for a claim for breach of contract.
On June 28, 1999, the defendant filed an answer including three special defenses. The first special defense sets forth a claim for comparative negligence. The second special defense is a claim that the plaintiff, by not seeking timely medical attention, failed to mitigate damages. The third special defense states that the plaintiff assumed all risks of using the defendant's facilities.
On July 1, 1999, the plaintiff filed a motion to strike the defendant's third special defense on the ground that assumption of the risk is no longer a valid defense in Connecticut. As required by Practice Book § 10-42, the plaintiff filed a memorandum in support of his motion to strike, and the defendant timely filed a memorandum in opposition. The plaintiff also filed a reply[1] to the defendant's memorandum in opposition.
The function of a motion of strike "is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.)RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994). "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978); see also Practice Book § 10-39(a)(5).
The plaintiff states in his motion to strike that "assumption of the risk is no longer recognized as a valid special defense in Connecticut." The defendant argues that Connecticut has abolished only the common law rule that assumption of the rise is an absolute bar to recovery and that Connecticut still recognizes assumption of the risk as a valid consideration in determining CT Page 12658 the plaintiffs negligence. "[T]he defense of assumption of risk has been statutorily abolished in all negligence actions."Sanders v. Officers Club of Connecticut, 196 Conn. 341, 353 n. 8,493 A.2d 184 (1985). "The central purpose of [General Statutes §] 52-572h[2] was to abolish the harsh common law rule that the doctrines of contributory negligence, last clear change and assumption of the risk operated as a complete bar to recovery.Gomeau v. Forrest, 176 Conn. 524, 525-26, 409A.2d 1006 (1979). In lieu of these doctrines, subsection (a) of 52-572h sets forth a single standard: comparative negligence. In determining the relative negligence of each party, however, the factors relevant to the assumption of the risk doctrine may be considered by the trier. As long as the jury is properly instructed concerning the doctrine of comparative negligence; General Statutes 52-572h(b); elements involving the failure of the plaintiff to comprehend a risk may be specifically pleaded and weighed by the trier in determining the propriety and totality of the plaintiffs conduct in relation to that of the defendant. When a plaintiffs conduct in assuming a risk is unreasonable, then the [assumption of risk] doctrine overlaps contributory negligence and the principle of comparative negligence embodied in the statute should apply." (Footnote added.) (Internal quotation marks omitted.) Wendland v.Ridgefield Construction Services, Inc., 190 Conn. 791, 797-98,462 A.2d 1043 (1983).
Therefore assumption of risk is not properly pleaded as a special defense. Because the common law defense of assumption of the risk has been abolished and is now one factor to be considered in the comparative negligence inquiry, it is inappropriate for the defendant to plead assumption of risk separately from his first special defense of comparative negligence. The motion to strike is granted.
The defendant further argues that "the factual basis out of which the special defense arises, is contractual in nature" and that "even if this court were to find the language pertaining to assumed risks properly stricken, that portion of the special defense which reads, `and he released and held harmless the Defendant from all claims and liabilities arising there from' must be allowed to stand. . . ." As written, the third special defense is ambiguous and leads the court to conclude that it sets forth an assumption of the risk defense which, as previously noted, was abrogated by statute. Nevertheless, even if the third special defense is contractual in nature, the defendant has failed to allege sufficient facts to state a claim in contract. CT Page 12659
Furthermore, striking only a portion of a defense in improper. "[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs . . . A single paragraph or paragraphs can only be attached for insufficiency when a cause of action is therein attempted to be stated." (Internal quotations marks omitted.) Zimmermann v.Connecticut College, Superior Court, judicial district of New London, Docket No. 544623 (July 2, 1998, Handy, J.); accordBombard v. Industry Riggers, Superior Court, judicial district of Waterbury, Docket No. 140181 (January 5, 1998, Pellegrino, J.). It is submitted that because the language the defendant proposes to retain does not alone state a cause of action, the defense should be struck in its entirety.
Consequently, the motion to strike the third special defense is granted.
John W. Moran, Judge