[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
On August 2, 2000, the plaintiff filed a two count complaint against the defendant alleging the following facts. The plaintiff was a passenger in an automobile driven by the defendant, which collided with several objects, then rolled over two times. The first count of the complaint sounds in negligence and the second count sounds in recklessness. The plaintiff alleges in both counts that the defendant was driving this automobile while he was impaired by the consumption of intoxicating liquor and/or drugs in violation of General Statutes § 14-227a.
On September 14, 2000, the defendant filed his answer and special defense, in which the defendant claims that: "[i]f, as alleged in the complaint, the defendant operated his vehicle while impaired by the consumption of intoxicating liquor and/or drugs as alleged in paragraph 4 (g) of the first and second counts of the plaintiffs complaint, then theplaintiff assumed the risk of riding in such vehicle by voluntarily andknowingly choosing to ride with an operator who was under the influence of alcohol and/or drugs." (Emphasis added.)
On October 4, 2000, the plaintiff filed a motion to strike the defendant's special defense along with a memorandum of law pursuant to Practice Book § 10-42. On October 10, 2000, the defendant timely filed a memorandum of law in opposition to the plaintiffs motion to strike. On October 11, 2000, the plaintiff filed a supplemental memorandum in support of his motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128
(1999); see also Practice Book § 10-50. CT Page 1626
"In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). In ruling, on a motion to strike, the trial court is limited to considering the grounds specified in the motion. Blancato v. Feldspar Corporation, 203 Conn. 34,44, 522 A.2d 1235 (1987). The special defense must be construed in the light most favorable to the nonmovant. See Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). If the facts alleged support a defense, then the motion to strike must be denied. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).
The plaintiff moves to strike the defendant's special defense on the ground that it is legally insufficient because the assumption of the risk doctrine "is not a defense where the injury allegedly arouse from the breach by the defendant of the statutory obligation [under General Statutes Section 14-227] to operate a motor vehicle under the influence of alcohol." (Plaintiffs motion to strike). To support this argument, the plaintiff relies on McCormack v. Sedlak, Superior Court, judicial district of Waterbury, Docket No. 099914 (June 23, 1992 , McDonald, J.) andL'Heureux v. Hurley, 117 Conn. 347, 168 A. 8 (1933). (Plaintiffs supplemental memorandum, p. 1). The defendant argues that the special defense should not be stricken because "[i]n determining the relative negligence of each party, however, the factors relevant to the assumption of risk doctrine may be considered by the trier." (Defendant's memorandum, p. 2.). The defendant further argues that the special defense is legally sufficient because "the current trend in Connecticut Law is to allow a special defense of assumption of the risk in cases such as the one before the Court."[1] (Defendant's memorandum, p. 2.) The defendant relies on the following cases to support his position: Wendland v.Ridgefield Construction Services, Inc., 190 Conn. 791, 797-98,462 A.2d 1043 (1983); Sanders v. Officers' Club of Connecticut, Inc.,35 Conn. Sup. 91, 95, 397 A.2d 122 (1978); Tarver v. DeVito, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 120282 (June 25, 1992, Rush, J.) (7 C.S.C.R. 843); Hoffman v. Reed, Superior Court, judicial district of New London at Norwich, Docket No. 085839 (January 6, 1988, Leuba, J.) (3 C.S.C.R. 172); Jipson v. Gabarro, Superior Court, judicial district of Danbury, Docket No. 287495 (January 12, 1987, Lavery, J.) (2 C.S.C.R. 285); Bagley v. HazardvilleRestaurant, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 281625 (October 31, 1983, Gaffney, J.) (4 Conn. L. Rptr. 101).
The parties' arguments outline two approaches the Superior Court has taken on the issue of whether it is a legally sufficient special defense CT Page 1627 to allege that the plaintiff was a passenger in the intoxicated defendant's motor vehicle. The exact language of the defendant's special defense, specifically the plaintiffs alleged state of mind, governs a court's ruling on a motion to strike.
The plaintiff would have the court adopt the holding in L'Heureux v.Hurley, supra, 117 Conn. 348-49. In that case the plaintiff, a tenant, brought an action against the defendant landowner to recover damages for injuries she sustained in falling down the defendant's common area stairs. Id. The defendants claimed that, since the plaintiff had resided for several years in the building with knowledge that the landing was not lighted after 6:15 p.m., except on Saturday nights, she, by her continued use of the landing, with full knowledge of its unlighted condition at night, had assumed the risk of any injury to herself proximately caused by such lack of light. Id., 355-56. The court held that the plaintiff had not assumed the risk because assumption of the risk is not a defense to a violation of a statute designed to protect the public. Id., 356-58.
The Superior Court applied the rationale of L'Heureux v. Hurley to a negligent motor vehicle accident in which the plaintiff alleged that he was injured as a passenger in a vehicle driven by the defendant while she was under the influence of alcohol. McCormack v. Sedlak, supra, Superior Court, Docket No. 099914. The court addressed the issue of whether it should strike the special defense that "the plaintiff was negligent in riding in a vehicle knowing that the defendant was intoxicated." Id. The court stated that "[t]he Supreme Court has . . . held that assumption of risk is not a defense to the violation of a statute designed to protect the public. L'Heureux v. Hurley, 117 Conn. 347, 356-358. Section 14-227
of the General Statutes is violated when one operates a motor vehicle on a public highway while under the influence of intoxicating liquor. The protection of the public against injury by drunken drivers is the manifest purpose of the statute." Id. Accordingly, the court struck this special defense. Id. See also Schereschewsky v. Lynch, Superior Court, judicial district of Litchfield, Docket No. 052140 (January 2, 1991, Pickett, J.) (in a negligence action, in which the plaintiff was a passenger in a car driven by the defendant when the car was involved in a one car collision, the court struck the defendant's first special defense of assumption of the risk because "this defense has been abolished under Connecticut law. [General Statutes §] 52-572h (1)."); Passini v.Decker, 39 Conn. Sup. 20, 21, 25-27, 467 A.2d 442 (1983) (motion to strike the special defense alleging that "[a]ny alcohol consumed by [the defendant] . . . was done in the company of [the plaintiff] who contributed to the supplying of alcoholic beverages, or who encouraged, facilitated or participated in the consumption of said beverages with [the defendant] and the plaintiff is, therefore, not entitled to recover any damages under the provisions of § 30-102 of the Connecticut CT Page 1628 General Statutes," was granted because the defense of assumption of the risk for riding in the vehicle with an intoxicated driver, is not available to the defendant operator because it "is not applicable to a statutory violation when the statute was enacted to create an obligation to the public at large").
This approach is inapposite to the instant case because several of these cases were decided before Tort Reform II was enacted by the legislature. Illin v. Facondini, Superior Court, judicial district of Waterbury, Docket No. 299750 (January 27, 1992, Langenbach, J.). In addition, many Superior Court cases, including several cited by the defendant, finding that "assumption of the risk is not a defense to an action based on a statutory violation when the statute was enacted to create an obligation to the public at large," are dram shop actions, not mere negligence and recklessness actions. See e.g., Rousseau v.Ricciardi, Superior Court, judicial district of Waterbury, Docket No. 121665 (August 22, 1995, McDonald, J.); Johnpiere v. Bendler, Superior Court, judicial district of Waterbury, Docket No. 110371 (April 19, 1994, McDonald, J.) (9 C.S.C.R. 521) ("There is also a split in the superior court as to whether assumption of the risk is a defense to a Dram Shop claim. . . . [C]ases which have disallowed the defense of assumption of the risk rely on L'Heureux v. Hurley. . . ."); Benton v.Munn, Superior Court, judicial district of Tolland at Rockville, Docket No. 046482 (October 1, 1991, Dunn, J.).
The defendant would have the court adopt the position set forth inWendland v. Ridgefield Construction Services, Inc., supra, 190 Conn. 792, and its prodigy In Wendland "[t]he plaintiff, a construction worker, was injured by the collapse of an earthen wall, the construction site having been excavated by the defendant, a subcontractor of the plaintiffs employer. The plaintiff instituted [a negligence per se] action against the subcontractor defendant." Id. The defendant filed an amended special defense of comparative negligence.[2] Id., 792-93. The plaintiff argued on appeal that the trial judge should not have submitted the defendant's amended special defense to the jury because it pleaded the defense of assumption of risk in violation of General Statutes § 52-572h (c), which, at the time, abolished such a defense. Id., 794. The court permitted the special defense to stand and noted that "the [special defense] amendment [cannot] be viewed as a defense of assumption of risk. The central purpose of [General Statutes] § 52-572h was to abolish the harsh common law rule that the doctrines of contributory negligence, last clear chance and assumption of risk operated as a complete bar to recovery. Gomeau v. Forrest, 176 Conn. 523, 525-26,409 A.2d 1006 (1979). In lieu of these doctrines, subsection [(b)] of sec. 52-572h sets forth a single standard: comparative negligence." Id., 797. CT Page 1629
The Wendland court concluded that the factors relevant to assumption of risk may be specially pleaded as part of a comparative negligence defense. Id., 797. The court specifically stated that: "In determining the relative negligence of each party . . . the factors relevant to the assumption of risk doctrine may be considered by the trier. As long as the jury is properly instructed concerning the doctrine of comparative negligence; General Statutes 52-572h (b); elements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining the propriety and totality of the plaintiffs conduct in relation to that of the defendant. When a plaintiffs conduct in assuming a risk is unreasonable, then the [assumption of risk] doctrine overlaps contributory negligence and the principle of comparative negligence embodied in the statute should apply. . . ." (Citation omitted; internal quotation marks omitted.) Id., 797-98.
General Statutes § 52-572h (b) provides that, if a plaintiff is contributorily negligent, then any "damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering. . . ." "The General Assembly enacted Tort Reform Acts in 1986 (P.A. 86-338) and 1987 (P.A. 87-227) which revised [General Statutes] § 52-572h. . . . These Tort Reform Acts did not change the standard of comparative negligence nor the abolishment of the doctrine of assumption of risk as a complete bar to recovery, as provided by [General Statutes §] 52| 572h." Orr v. Maheux, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 438927 (December 10, 1990, Aronson, J.) (3 Conn. L. Rptr. 87).
The Superior Court applied the rationale of Wendland v. RidgefieldConstruction Services, Inc. to an action in which the plaintiff passenger sought damages from the defendant driver for personal injuries sustained in a motor vehicle accident. Orr v. Maheux, supra, Superior Court, Docket No. 438927. The defendant alleged in his special defense that "the plaintiff was himself negligent by participating in and encouraging the ingestion of alcohol by the defendant . . . and that the plaintiff thereby assumed the risk of this conduct when he voluntarily accepted a ride as a passenger knowing the intoxicated condition of the defendant driver." Id. The court denied the motion to strike this special defense based on Wendland v. Ridgefield Construction Services, Inc. because the special defense alleged comparative negligence on the part of the plaintiff. Id. The court concluded that the defendant "may raise factors relevant to the assumption of the risk doctrine when alleging the plaintiffs comparative negligence." Id. In addition, the court noted that "use of the assumption of risk language does not allege an independent assumption of risk defense." Id. See also Wood v. Rich, Superior Court, judicial district of New Haven at New Haven, Docket No. 398946 (December CT Page 1630 15, 1997, Levin, J.) (in an action by a passenger seeking damages for personal injuries sustained in a car accident sounding in negligence and recklessness, the court denied the motion to strike the special defense alleging that the plaintiff was contributorily negligent or reckless in that the plaintiff was a passenger in a car that was operated by the defendant who was intoxicated); Benoit v. Travelers Insurance Company, Superior Court, judicial district of New London at Norwich, Docket No. 105293 (March 14, 1996, Hendel, J.) (Emphasis added.) (the court denied the plaintiffs motion to strike the special defense, which stated in part that "[a]ny injuries or damages suffered by the plaintiff, wereproximately caused by the negligence and carelessness of the plaintiffsdecedent . . . in that he placed himself in a position of danger on the vehicle that he was being transported in, by sitting or standing on the cab, headboard or body of the dump truck . . ." because "the decedent's knowledge, or failure to know under the circumstances, that the operator was intoxicated at the time the decedent entered the vehicle may be raised as a special defense."); Jacocks v. Monahan's Shamrock, Superior Court, judicial district of New Haven at New Haven, Docket No. 330268 (October 13, 1993, Zoarski, J.) (the defendants allege in the first special defense that "the plaintiffs decedent participated in and facilitated the intoxication of Penna," and in the second special defense that "the plaintiffs decedent is not an innocent party and, therefore, is not entitled to recover under the allegations of the complaint." The court denied the motion to strike the special defenses as to the allegations of wanton and reckless conduct because they "sound in comparative negligence, relate directly to plaintiffs failure to comprehend a risk and, therefore, are not barred by General Statutes52-572h."); Maulucci v. Canevari, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 368663 (February 26, 1993,Hennessey, J.) (8 C.S.C.R. 293) (Emphasis added) (motion to strike the special defense was denied where the special defense stated that the "[plaintiff] knew or should have known of the condition of the driver, yet he voluntarily and willingly rode with him as a passenger in a motor vehicle" because this special defense alleged comparative negligence and is legally sufficient "[p]ursuant to the holdings of Wendland and the majority of the other [Superior Court] cases cited above."); Illin v.Facondini, supra, Superior Court, Docket No. 299750 (Emphasis added) (in an action against the defendant for injuries the plaintiff suffered as a passenger in the defendant's car, the court denied the motion to strike the special defense that alleged that the plaintiffs injury "was a directand proximate result of his own carelessness and negligence, in that he allowed himself to be a passenger in the . . . automobile, operated by the defendant . . . when he knew or should have known that the defendant was in a state of intoxication," because "the defendant is not technically pleading assumption of the risk but comparative negligence . . ."); Penn v. Laboy, Superior Court, judicial district of New London at CT Page 1631 New London, Docket No. 508818 (July 30, 1990, Axelrod, J.) (2 Conn. L. Rptr. 165) (Emphasis added.) (motion to strike special defense was denied where the special defense alleged that "[t]he plaintiffs injuries . . . were caused in whole or in partby her own negligence in that she voluntarily entered the defendant's vehicle and rode with her despite believing that the defendant was intoxicated." The court held that "the factors relevant to the assumption of risk doctrine may be considered by the trier of fact as long as proper instructions are given concerning the doctrine of comparative negligence."); Spenser v. Balfe, Superior Court, judicial district of Waterbury, Docket No. 090898 (November 22, 1989,Murray, J.) (1 Conn. L. Rptr. 46) (Emphasis added.) (Motion to strike special defense was denied where the special defense alleged the plaintiffs injuries "were caused in whole or in Dart by his ownnegligence, in one or more of the following respects: (a) excessive drinking; (b) failure to act in a reasonably careful manner; (c) failure to act in a reasonably prudent manner with respect to the operation of the automobile." The court held that this special defense was legally sufficient, relying on Wendland v. Ridgefield Construction Services, supra, 190 Conn. 791).
In addition, in Tarver v. DeVito, supra, 7 C.S.C.R. 843, an action was commenced to recover damages sustained by the decedent passenger in an automobile accident. The defendant driver pleaded a special defense alleging assumption of the risk on the part of the plaintiff for riding in a motor vehicle with the defendant who had been drinking alcohol.[3]
Id. The court relied on Wendland v. Ridgefield Construction Service,Inc., supra, 190 Conn. 791, and denied the motion to strike the special defense alleging assumption of the risk to the negligence and recklessness counts because "as long as the jury is properly instructed concerning the doctrine of comparative negligence, conduct may be weighed by the trier of fact in determining the propriety and the totality of the plaintiffs conduct in relation to that of the defendant." In addition, theTarver v. DeVito court denied the motion to strike this special defense as to the recklessness claim. Id. The court reasoned that "[c]ontributory recklessness would constitute a defense to an action based on recklessness. . . . Wanton, willful or reckless conduct by the [plaintiff] which naturally increased the probability of injury and contributed thereto would be admissible under the pleadings and would constitute a defense to the claim of recklessness. . . ." (Citations omitted.) Id. See also Sego v. Debco, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 039650 (September 8, 1994, Skolnick, J.) (the court denied the motion to strike the defense of assumption of the risk to the counts of the complaint sounding in recklessness); but see Cheneski v. Barber, Superior Court, judicial district of Danbury, Docket No. 307083 (February 7, 1992, Fuller, J.) CT Page 1632 (court denied the motion to strike as to negligence count, but granted motion to strike as to recklessness count because "Section 52-572h of the General Statutes applies only to ordinary negligence actions, and the legal doctrine of assumption of the risk is abolished only for purposes of that statute. . Despite this limitation, it is doubtful whether assumption of the risk applies as a defense to a claim of wilful, wanton or reckless misconduct under Connecticut law, and the majority rule in other states is that assumption of the risk is not a valid defense to such actions . . .").
The legally sufficient special defenses within the Wendland v.Ridgefield Construction line of cases specifically allege that the plaintiff was negligent in assuming the risk associated with the other facts alleged to support the defense. In the present case, the defendant merely alleges in his special defense that "the plaintiff assumed the risk of riding in such vehicle by voluntarily and knowingly choosing to ride with an operator who was under the influence of alcohol and/or drugs." (Emphasis added.) The defendant fails to allege that the plaintiff acted negligently and/or recklessly in his special defense. General Statutes § 52-572h (1) provides that "[t]he legal doctrines of last clear chance and assumption of the risk in negligence actions are abolished." As the pleadings stand, the court finds that the defendant fails to allege assumption of the risk as a factor in the plaintiffs comparative negligence. Thus, the defendant fails to allege a legally sufficient special defense. What the defendant has alleged is a pure assumption of the risk special defense and the court finds, therefore, that the plaintiffs motion to strike should be and is hereby granted because Connecticut has abolished this defense under General Statutes § 52-572h(1).
In reaching this finding the court rejects the L'Heureux v. Hurley
approach in the instant case because: (1) the majority of these cases were decided prior to Tort Reform II; and (2) the present case is not a dram shop action. Although Wendland v. Ridgefield Construction is persuasive, the defendant herein fails to allege a legally sufficient special defense of comparative negligence because he fails to allege any negligence on the part of the plaintiff. The special defense asserts a pure assumption of the risk defense, which has been abolished in Connecticut.
For the foregoing reasons the plaintiffs motion to strike the defendant's special defense to the First and Second Counts is hereby granted.