[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE (#108)
 FACTS
On January 17, 2001, the plaintiff, Jeffery Pines, filed a two count complaint against the defendant, Aaron Tomany. The complaint alleges that the plaintiff was a passenger in an automobile operated by the defendant when the automobile struck a tree causing the plaintiff to suffer injuries. Count one alleges that the defendant was negligent. Count two alleges that the defendant was reckless. The plaintiff alleges in both counts that the defendant was driving this automobile while he was impaired by the consumption of intoxicating liquor and/or drugs in violation of General Statutes § 14-227a.[1]
On April 20, 2001, the defendant filed an amended answer and two special defenses. The first special defense alleges that the plaintiff knew the defendant was operating the automobile under the influence of intoxicating liquor and was negligent because he was a passenger in the automobile. The second special defense alleges that the plaintiff knew CT Page 11647 that the defendant was under the influence of intoxicating liquors and acted with reckless disregard of his own safety by being a passenger in an automobile with the defendant.
On April 6, 2001, prior to the filing of the amended answer, the plaintiff filed a motion to strike the first special defense and a memorandum of law in support of his motion. In his motion, the plaintiff moves to strike the first special defense on the ground it is legally insufficient. In his memorandum, the plaintiff argues the special defense is legally insufficient because it alleges a defense of assumption of the risk, which was statutorily abolished by General Statutes § 52-572
(h)(b).[2] On April 20, 2001, the defendant filed a memorandum of law in objection to the defendant's motion. Oral argument was heard on the motion on April 30, 2001.
 DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike. . . ." Practice Book §10-39. "In . . . ruling on the . . . motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997).
The defendant's first special defense provides "[i]f the defendant, Aaron Tomany, was operating his motor vehicle under the influence of intoxicating liquor, which is hereby expressly denied, as is alleged by the plaintiff in his [c]omplaint, then the plaintiff, himself wasnegligent in that he was a passenger in the defendant's motor vehiclewhen he knew or should have known by reasonable use of faculties thatsaid defendant was operating his vehicle while so influenced." (Emphasis added.)
The plaintiff moves to strike the first special defense on the ground that it is legally insufficient because it pleads a special defense of assumption of the risk that has been abolished by General Statutes §52-572h (b). The defendant argues that the motion should be denied, because he may plead the elements of the assumption of the risk doctrine as a special defense when the special defense itself alleges that the plaintiff was comparatively negligent. CT Page 11648
In support of his position, the defendant relies on Wendland v.Ridgefield Construction Services, Inc., 190 Conn. 791, 462 A.2d 1043
(1983). In Wendland our Supreme Court stated that "[t]he central purpose of 52-572h was to abolish the harsh common law rule that the doctrines of contributory negligence, last clear chance and assumption of risk operated as a complete bar to recovery. Gomeau v. Forrest, 176 Conn. 523,525-26, 409 A.2d 1006 (1979). In lieu of these doctrines, subsection (a) of 52-572h sets forth a single standard: comparative negligence. In determining the relative negligence of each party, however, the factors relevant to the assumption of risk doctrine may be considered by the trier. As long as the jury is properly instructed concerning the doctrine of comparative negligence; General Statutes 52-572h (b); elements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining the propriety and totality of the plaintiffs conduct in relation to that of the defendant. `When a plaintiffs conduct in assuming a risk is unreasonable, then the [assumption of risk] doctrine overlaps contributory negligence and the principle of comparative negligence embodied in the statute should apply.' James, `Connecticut Comparative Negligence Statute: an Analysis of Some Problems,' 6 Conn.L.Rev. 207, 213 (1974)." (Brackets in original.) Wendland v. Ridgefield ConstructionServices, Inc., supra, 190 Conn. 797-98.
In Anastasio v. Ladd, Superior Court, judicial district of Waterbury, Docket No. 160470 (January 29, 2001, Doherty, J.), the court granted a plaintiffs motion to strike a special defense that alleged that "the plaintiff assumed the risk of riding in such vehicle by voluntarily and knowingly choosing to ride with an operator who was under the influence of alcohol and/or drugs." (Emphasis in original.) In its decision the court reviewed numerous superior court decisions which have allowed defendants to assert special defenses that include elements of the doctrine of assumption of risk. Id. The court stated that it granted the plaintiffs motion to strike because "the defendant herein fails to allegea legally sufficient special defense of comparative negligence because hefails to allege any negligence on the part of the plaintiff." Id. (Emphasis added.)
This court finds the legal analysis and rational of Anastasio
persuasive. This court also agrees with the numerous other superior court decisions that have held that a defendant may assert a special defense that includes factors relevant to the assumption of the risk doctrine so long as the defendant alleges the plaintiff was negligent in entering the defendant's automobile. See Maulucci v. Canevari, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 368663 (February 26, 1993, Hennessey, J.) (8 Conn. L. Rptr. 438) (8 C.S.C.R. 293) (plaintiffs motion to for summary judgment denied where a special defense CT Page 11649 alleged that the plaintiff "knew or should have known of the condition of the driver, yet he voluntarily and willingly rode with him as a passenger in a motor vehicle."); Orr v. Maheux, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 438927 (December 10, 1990, Aronson, J.) (3 Conn. L. Rptr. 87) (motion to strike a special defense was denied where the special defense alleged that the plaintiff was negligent by voluntarily being a passenger when she believed the defendant was intoxicated); Wood v. Rich, Superior Court, judicial district of New Haven, Docket No. 398946 (December 15, 1997, Levin, J.) (motion to strike a special defense was denied where the special defense alleged that the plaintiff watched the defendant consume large quantities of alcohol and was negligent by being a passenger in an automobile driven by the defendant); Benoit v. Travelers Insurance Company, Superior Court, judicial district of New London at Norwich, Docket No. 105293 (March 14, 1996, Hendel, J.) (court denied motion to strike a special defense which alleged that the plaintiffs decedent knew or should have known he was riding in a vehicle with a driver who was intoxicated); but see McCormack v. Sedlak, Superior court, judicial district of Waterbury, Docket No. 099914 (June 23, 1992, McDonald, J.) (6 Conn. L. Rptr. 594) (motion to strike special defense was granted where the special defense alleged that the plaintiff was negligent for being a passenger in a vehicle knowing that the defendant was intoxicated because assumption of the risk is not allowed as a defense to the violation of statutes designed to protect the public).
In this instance, the defendant has specifically plead that the plaintiff "was negligent in that he was a passenger in the defendant's motor vehicle when he knew or should have known by reasonable use of his faculties that said defendant was operating his vehicle [while intoxicated]." This special defense alleges some of the elements of an assumption of the risk defense, but adequately pleads that the plaintiff's negligent acts lead to his injuries. As such, it states the special defense of comparative negligence. Therefore, the plaintiffs motion to strike the first special defense is denied.
 ___________________ Martin, J.